## CHARLES H. HAWES vs. JOHANNA F. ENGLER.

Third Judicial District, Bridgeport, April Term, 1918.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

In charging the jury it is not necessary for the court to adopt the language of the requests, provided the instructions given are clear, full, and adequate for the jury's guidance.

An appellant can take no advantage of the omission of the court to instruct the jury upon points which were not raised either in the pleadings or by the parties during the trial of the cause.

Argued April 11th—decided May 28th, 1918.

ACTION to recover a commission as a real estate broker, brought to the City Court of Bridgeport and thence by the defendant's appeal to the Court of Common Pleas in Fairfield County and tried to the jury before *Walsh, J.;* verdict and judgment for the plaintiff for $225, and appeal by the defendant. *No error.*

This action was brought by Charles H. Hawes to recover from the defendant a broker's commission

claimed to be due him for the sale of certain real estate situated in the town of Milford, Connecticut, which it is alleged and claimed by the plaintiff was owned and controlled by the defendant. This suit is based upon the claim that the defendant entered into an agreement with the plaintiff whereby he was to act as agent for the sale of this property and was to have as his commission all that was received in excess of $6,000 for the property. The property at this time belonged to the defendant and to her husband, Julius H. Engler, and remained in their names upon the land records of Milford until the transfer in question. Johanna at one time prior to this transfer was conservator for her husband. The disability of the husband had been removed before the conveyance of the property. Although the husband joined in executing the deed when this real estate was transferred, it was not claimed that he had any negotiations with the plaintiff as to his commission for the sale of the property.

*Omar W. Platt,* for the appellant (defendant).

*Frank L. Wilder,* with whom was *John Smith,* for the appellee (plaintiff).

RORABACK, J. A verdict was rendered for the plaintiff, and the case is here on assignment of errors relating to the action of the trial court in denying a motion to set aside the verdict as against the evidence, the failure to grant certain requests to charge, and also to certain portions of the charge as it was given.

To entitle the plaintiff to recover he was bound to show that there was a sale of the property for more than $6,000, that there was an agreement that he was to have as his commission all that was received for the property in excess of $6,000, and that he was the

procuring cause in making the sale of this property. There was no question about the sale. The principal questions were as to the alleged agreement, and whether the plaintiff was the procuring cause of the sale. These were questions of fact for the jury, and there was no error in the refusal of the trial court to set aside the verdict as being against the evidence. See *Anderson v. Snyder*, 91 Conn. 404, 406, 99 Atl. 1032; *Roma v. Thames River Specialties Co.*, 90 Conn. 18, 19, 96 Atl. 169

The defendant complains because the court below failed to charge the jury as requested that: "If you find that the purchasers' attention was first called to the property in question by notices and other advertising matter of the defendant, and that it was by these means that they first learned that the property was for sale, and that they later visited the defendant unaccompanied by the plaintiff or any one representing him and there consummated the purchase of said property, then the plaintiff has failed to establish the second material allegation of his complaint . . . and your verdict should be for the defendant." This objection is without merit. It appears that the court below instructed the jury fully and in detail upon this branch of the case. About one page of the record is filled with its remarks upon this subject. While the court did not adopt the exact phraseology of the defendant's requests to charge in this connection, yet the instructions upon this point were full and clear, and it is apparent that the jury could not have been misled or prejudiced thereby.

Upon the trial of the case no claim was made that the defendant was not personally liable for her acts as conservator or agent, for the nonperformance of this agreement, when acting within the scope of her authority as such conservator or agent. This proposition

is now embodied in one or more reasons of appeal. While it is the duty of the trial court to state to the jury the issues presented to it in a plain and concise manner, and to correctly state the law applicable to those issues so that the instructions will be sufficient for the guidance of the jury, yet in the present case it does not appear that the question alluded to above was raised by the pleadings or by the parties in the trial of the case in the court below. Under these circumstances the defendant should not now complain of the omission of the trial court to instruct the jury upon this point.

There is no error.

In this opinion the other judges concurred.