ARTHUR BURBEE *vs.* WILLIAM McFARLAND.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 15th—decided December 15th, 1931.

*Albert W. Hummel*, with whom was *Ulysses G. Church*, for the appellant (defendant).

*Walter W. Smyth*, for the appellee (plaintiff).

HINMAN, J. The plaintiff alleged in his complaint that on June 30th, 1930, the defendant, being proprietor of a store in Waterbury dealing in fireworks, sold to the plaintiff, a minor of the age of twelve years, a box containing five "Globe Flash Salutes" so-called, consisting of an explosive compound, contained in a covering of hard composition, which, when exploded, would cause pieces of the covering to fly with great force in all directions, and which articles were of a dangerous character. On July 1st the plaintiff ignited one of these salutes whereupon it suddenly exploded and pieces of the covering struck the plaintiff's right eye, destroying it. The complaint further alleged that the sole and proximate cause of the plaintiff's injury was the negligence of the defendant in selling to the plaintiff child, intrinsically dangerous instrumentalities, which he knew or should have known to

be such, and failing to warn or caution the plaintiff as to such nature and character.

The plaintiff offered, in support of the allegations above generally stated, evidence that the salutes contained a mixture of black powder and aluminum powder constituting, especially when confined as they were, a powerful and dangerous explosive; that on the box containing them was printed "Warning. Read directions on back of carton. Dealers are requested not to sell to children nor to sell less than full package." Also, "Warning. Please read directions. Place on ground to light. Do not hold in hand or place near any person to light. Light and get away"; that the defendant had read and was familiar with the request not to sell to children, but sold the salute to the plaintiff without warning him in relation thereto; that the plaintiff did not read the warnings on the box, thinking that the printing was advertising matter; that, on the morning following the purchase, he and his younger brother, Philip, aged nine years, in the absence of their parents, started to discharge the salutes on the back porch of their home. The first one discharged was held by Philip, the fuse ignited by the plaintiff, the second held by the plaintiff and ignited by Philip; each was thrown over the rail and exploded without injury. The third was held by Philip in his hand, the plaintiff ignited the fuse with a match, and the salute exploded while still held by Philip, causing burning powder and part of the hard covering to strike the plaintiff's eye.

The defendant offered evidence that he did not sell the salute to the plaintiff, also that the plaintiff had examined the box and read the directions and warnings thereon; he also claimed that evidence offered tended to prove that the fuse of the salute that caused the injury was defective, without his knowledge, and

that no reasonable inspection would have disclosed such defect.

The jury rendered a verdict for the plaintiff, defendant's motion to set this aside was denied, and this appeal relates to the ruling on this motion, also to claimed errors pertaining to the charge.  Before considering the specific grounds of attack upon the verdict, we advert to the legal principles upon which the cause of action is predicated.  If one sells a dangerous article or instrumentality, such as firearms or explosives, to a child whom he knows or ought to know to be, by reason of youth and inexperience, unfit to be trusted with it, and who might innocently and ignorantly play with or use it to his injury, and injury does in fact result, he is liable in damages therefor.  *McEldon* v. *Drew,* 138 Iowa, 390, 116 N. W. 147 (sale of gunpowder to twelve-year-old child); *Binford* v. *Johnston,* 82 Ind. 426 (cartridges to boys of ten and twelve); *Carter* v. *Towne,* 98 Mass 567 (gunpowder to child of eight); *Bosserman* v. *Smith,* 205 Mo. App. 657 (fireworks mine sold to eight and one-half-year-old boy); *Victory Sparkler & Specialty Co.* v. *Price,* 146 Miss. 192, 111 So. 437, 50 A. L. R. 1454; Note, 60 A. L. R. 434; 25 Corpus Juris, p. 191.  "The common law . . . requires of him who deals with dangerous explosives to refrain from placing them in the hands of children of tender age.  If the child is too young to know the character of the thing sold to him, it is the business of the dealer to refuse to sell him articles likely to put in jeopardy his own or some other person's life.  Where one sells another a dangerous instrument, and that other is ignorant of its true character, and this the seller knows, he is responsible for injuries resulting from the negligent use of the instrument."  *Binford* v. *Johnston, supra,* p. 430; *Wolcho* v. *Rosenbluth,* 81 Conn. 358, 364, 71 Atl. 566.

If the jury could reasonably have found facts in the present case bringing the defendant within the operation of this principle and at the same time exculpating the plaintiff from contributory negligence, the verdict must stand. In support of the contention to the contrary, the defendant first claims that notwithstanding the printed warning, admittedly read by him, not to sell to children, he cannot be held negligent in selling the salutes to persons who, although minors, are yet old enough and sufficiently developed mentally to read and properly understand the instructions printed on the box, and that the plaintiff was guilty of contributory negligence in failing to read or in disregarding the instructions so printed. These considerations involved questions of fact which were properly left to the jury under adequate instructions and might properly, on the evidence, be resolved, as they were, in favor of the plaintiff.

It is claimed, next, that the salutes cannot be regarded as intrinsically dangerous instrumentalities as alleged in the complaint, and that the defendant cannot be held to the responsibilities appropriate thereto. However, the opinion of the manufacturer as manifested by the inscriptions on the package, together with the evidence as to the composition of the salute and the consequences of its explosion amply warrant a finding that it was an article of a nature in itself so dangerous that when used for the purpose for which it was intended, injury therefrom might reasonably be expected to occur unless the prescribed special precautions be taken, and therefore constituted an inherently dangerous instrumentality. *Godfrey* v. *Connecticut Co.*, 98 Conn. 63, 68, 118 Atl. 446; 24 R. C. L. p. 513.

A further contention is that even if the defendant might be held negligent in selling and delivering the salute to the plaintiff, his act in so doing was not the

proximate cause of the plaintiff's injury owing to the intervening act of his younger brother, Philip, in holding it. In *Binford* v. *Johnston, supra,* where the defendant sold cartridges to two boys ten and twelve years old and the older boy laid down a pistol with one cartridge in it, which the younger boy picked up and discharged, wounding the older boy, it was held (page 428) that although the act of the younger brother intervened between the original wrong (the sale) and the injury recovery could not be denied if it is found that the injury was the natural and probable result of the original wrong. Citations of cases applying the same principle to similar although less completely analogous facts need not be multiplied. "The mere fact that the act of another person concurs, co-operates or contributes, in any degree whatever in producing the injury, is of no consequence; . . . The intervening cause either must be a cause, whether intelligent or not, which so entirely supersedes the operation of the defendant's negligence that it alone, without his negligence contributing thereto in any degree, produces the injury; or it must be the non-concurring culpable act of a human being who is legally responsible for such act." *Lombardi* v. *Wallad,* 98 Conn. 510, 517, 120 Atl. 291. The jury could hardly have found otherwise than that the act of the defendant in selling the salutes to the plaintiff was a "substantial factor" in producing the injury. *Mahoney* v. *Beatman,* 110 Conn. 184, 147 Atl. 762.

The assignments of error pertaining to the charge may be briefly disposed of. The instruction that the duty of the defendant was to be measured not only by his knowledge of the nature of the salutes, but if he did not actually know they were dangerous, by what he should have known in the exercise of due care in the conduct of his business as to their character and

nature, was correct, and was particularly appropriate in view of the evidence as to the warning and restriction as to scope of sale printed upon the containers. The charge to which reference is made in the fourth assignment was a fair statement of the claim made by the defendant that a defective fuse was the proximate cause of the injury, and is not open to the construction claimed—as importing that the manner of firing the salutes was proper procedure or regarded or approved as such by the defendant. In response to the defendant's request for a charge that "there is no presumption that the plaintiff, because he was a minor of twelve years of age, was not capable of understanding the danger of exploding the salutes, and if he understood the danger, the law requires him to use due care to avoid such injury," the court charged that there is no "conclusive" presumption to that effect; in view of the accurate and reiterated instructions given as to the degree of care required of persons of immature years, this could not have harmed the defendant. The record indicates that a claim that the act of plaintiff's brother in holding the salute constituted such an intervening act as to be the proximate cause of the injury was not made on the trial, but first appears in the assignment of error in failing to charge to that effect. The appellant may not now complain of omission to charge on that point. *Hawes* v. *Engler*, 92 Conn. 608, 611, 103 Atl. 975.

The trial court made a special finding that no evidence was offered that the fuse of the salute by which the plaintiff was injured was defective, and our examination of the evidence under the motion to strike out this finding leads us to the conclusion that this is correct, rather than the somewhat inconsistent statement in a paragraph of the finding as to the defendant's claims of proof. Therefore, the defendant

was not entitled to the requested instruction predicated upon a claim that a defective fuse, instead of intrinsically dangerous nature of the salute, was the proximate cause of the injury. The extent and effect of the printed warnings and instructions as notice to the plaintiff if read and known to him, were properly left to the jury as questions of fact. The definition of an inherently dangerous instrumentality, stated in the sixth request as "one which, if used in the customary manner and for the purpose for·which it was [designed], there is no reason to anticipate that it will harm anyone" was obviously inaccurate, and the term was defined in the charge in a manner adequate to the practical requirements of the case.

The defendant presented four interrogatories bearing on the question whether a premature explosion due to defective fuse was found to be the cause of the injury, as the defendant claimed, instead of the dangerous character of the salutes, as the plaintiff alleged and on which allegation he relied. The case was not one involving reliance upon two or more distinct grounds of action set up in separate counts or presented by one count of a complaint, but of dependence upon one ground, only. Therefore the action of the trial court in declining to submit these interrogatories to the jury was within its discretion. *Ford* v. *Dubiskie & Co., Inc.*, 105 Conn. 572, 582, 136 Atl. 560; *Ziman* v. *Whitley*, 110 Conn. 108, 115, 147 Atl. 370.

There is no error.

In this opinion the other judges concurred.