GEORGE COREY *v.* LLOYD W. PHILLIPS ET AL.

FRANCES COREY *v.* LLOYD W. PHILLIPS ET AL.

PRISCILLA COREY *v.* LLOYD W. PHILLIPS ET AL.

LARRY WOLFE *v.* LLOYD W. PHILLIPS ET AL.

MALTBIE, C. J., HINMAN, AVERY and BROWN, Js.[1]

---

[1] By agreement of counsel the case was argued before and decided by four judges.

Argued October 11—decided December 14, 1939.

*Josiah H. Peck,* with whom was *Charles H. Blackall,* for the appellant (defendant the Rogers & Hubbard Company).

*DeLancey Pelgrift,* with whom, on the brief, was *M. J. Blumenfeld,* for the appellant (defendant Lloyd D. W. Phillips).

*Robert P. Butler,* with whom were *Harold W. Garrity* and *Paul Volpe,* for the appellees (plaintiffs).

BROWN, J. These four cases, arising out of the same accident, were tried together to the jury upon identical issues except as to damages. In their appeals in each case the defendants claim that the court erred in charging the jury, and in denying their motions to set aside the verdict. Under the claims of proof of the parties the following facts are substantially undisputed. The plaintiff George Corey at 2 p.m. on January 5, 1938, was driving his Dodge sedan easterly on the state highway in Chaplin, with the other three plaintiffs as passengers. The defendant Phillips, by Wilfred Paquette as his agent, was driving a Terraplane sedan following behind the Corey car. Without giving any signal he had started to turn out to overtake and pass it on the left when, as he came abreast of its rear, he saw the Ford truck of the Rogers & Hubbard Company, driven by its agent Theodore Cote, approaching from the opposite direction. Paquette took his foot off the accelerator and without applying his brakes attempted to turn in behind the Corey car, but he failed to allow sufficient time or distance to clear and his front right bumper interlocked with the rear left

bumper of the Corey car, which was traveling at about thirty miles per hour. The two cars proceeded about fifty feet with bumpers engaged and the Phillips car approximately astride the center line of the road. The Corey car then skidded sideways and at a point about one hundred feet from where the bumpers first interlocked, headed southwesterly across the highway with its rear right corner extending about four feet to the north of the white center traffic line.

Cote first noticed the two cars in trouble when about two hundred feet away, as his truck was proceeding on his right side of the road at about thirty miles an hour, at a point about one hundred feet east of where it ultimately collided with the Corey car located as already described. Cote at the point mentioned applied his brakes and slowed down, but did not bring the truck to a stop until it had traveled one hundred feet, although by a full application of his brakes he could have stopped it within fifty or sixty feet. The left front corner of the truck's platform body was in collision with the right rear corner of the body of the Corey car, and by the force of the impact the plaintiffs, who were all exercising due care, were injured. The highway was hard surfaced, dry and twenty-six feet wide, with one to two feet of hard shoulder on the north side, at the foot of a bank six feet high. There was unobstructed vision for a substantial distance both to the east and west of the place of accident. Outside of these facts, which are not in dispute, the plaintiffs' and defendant Phillips' claims of proof were that the Corey car had come to a full stop and that subsequently the truck ran into it; and that Cote, after seeing the two cars in trouble, could have made a full application of his brakes and brought the truck to a stop before it collided with the Corey car. The plaintiffs further claimed that Cote could

have turned the truck to his right and avoided the collision. The defendant company's claims of proof were that its truck had come to a full stop and that thereafter the rear of the skidding Corey car swung into it; that Cote applied his brakes and brought the truck to a full stop within a reasonable distance; and that Cote did turn the truck as far to his right as was possible.

In the words of its brief, the defendant company's attack upon the charge is that the court erred "in charging the jury that the last clear chance doctrine had no application; and in failing to charge the jury that this defendant was not liable in the absence of proof, that this defendant became actually or constructively aware of the plaintiff's peril and that the plaintiff could or would not escape from it in time to enable the defendant to take action to avert the collision." While the plaintiff's complaint in each case contained sufficient allegations to permit a recovery against the defendant company under the last clear chance rule, the finding makes clear that there were no claims of proof sufficient to support it, and that neither the plaintiff nor the defendant Phillips made any claim under it. The court was therefore correct in telling the jury, after reciting the allegations relating to it in the complaints, that the doctrine had no application. Furthermore, the purpose and effect of this doctrine, which is solely for the plaintiff's benefit, being limited to eliminating antecedent negligence of the plaintiff as a bar to recovery where it has been superseded by the defendant's subsequent negligence, this defendant could in no event complain that the court excluded it from the jury's consideration. The first criticism is without merit.

Its second criticism is predicated on the theory that this defendant was entitled to a charge that if the plaintiffs had already come into a position of peril, it

could not be found negligent unless Cote, its driver, then or thereafter became, "or in the exercise of ordinary prudence ought to have become, aware not only of that fact but also that the party in peril either reasonably could not escape from it or apparently would not avail himself of opportunities open to him for doing so." This is the second element of the last clear chance rule. *Fine* v. *Connecticut Co.*, 92 Conn. 626, 631, 103 Atl. 901; *Caplan* v. *Arndt*, 123 Conn. 585, 588, 196 Atl. 631. More specifically, the contention is that the court in discussing its claim that the emergency confronting its driver afforded an excuse for his failure to avoid the collision, having stated that this excuse could not avail one whose negligence had created the emergency, erred in charging, "So that, if he [Cote] saw the cars in difficulty and reasonable care required that he should have come to a stop at once," failure to do this would constitute negligence. The claim is that this amounted to a statement of the last clear chance rule with its second element left out and that a statement of the essentials of this element should have been substituted for the general test of "reasonable care" stated by the court, which afforded no adequate guide to the jury for determining whether this defendant was negligent. The defendant's criticism is unsound and is apparently predicated upon a failure to distinguish between a case where the doctrine of last clear chance is properly applicable to test a plaintiff's right of recovery, and the present case where it is not. To satisfy its first condition and render the rule applicable, the plaintiff must not only have "come into a position of peril," but must have done so through his own negligence. *Nehring* v. *Connecticut Co.*, 86 Conn. 109, 116, 84 Atl. 301. Thereupon it becomes necessary to ascertain whether the three remaining elements coexist, not for determining

whether the defendant has been negligent, but for determining whether this negligence has superseded that of the plaintiff and eliminated it as contributory negligence barring recovery. It being undisputed here that the plaintiffs were in a position of peril through no fault of their own, the only question was whether the defendant company had been guilty of negligence which was either the sole cause of their injuries, or in connection with the negligence of the defendant Phillips was a concurring cause, and no question of eliminating contributory negligence by the plaintiffs was involved. The court had no occasion therefore to refer to the last clear chance rule or any of its elements.

The court's statement to the effect that if Cote saw the cars in difficulty, failure to stop at once if "reasonable care required" would constitute negligence, was correct. Earlier in the charge it had carefully instructed the jury that the defendants were bound to exercise reasonable care, which is the "care that an ordinarily prudent man would use in view of all the circumstances" and that this care should be proportioned to the danger. It had further charged that what one operator of an automobile "should do, more or less varies in view of what the other party should do or has done"; that "should the time come when he sees, or ought reasonably to have seen, that the other party is not obeying the rules of the road, then that is a factor which it becomes incumbent upon him to take into consideration"; and that on the highway he "must have the [automobile] under reasonable and proper control at all times and when reasonable care requires must reduce its speed, or bring it to a stop, or turn out to avoid colliding with the person or property of other persons on such highway." As supplemented by these and other parts of the charge bearing upon the

defendant's duty, the passage complained of was adequate, as well as correct.

The defendant Phillips claims that the court erred in failing to charge on the question of intervening force and superseding cause. The allegations in the complaints of the defendant company's negligence, and the claims of proof that Cote saw the two cars in trouble in time to have avoided the collision by either stopping or turning out which he could have done, but that instead he drove his truck into the Corey car which had already come to a full stop with the plaintiffs sitting uninjured therein, squarely presented this issue. This defendant contends, therefore, that it was incumbent upon the court to amplify its charge on proximate cause by giving the jury explicit instructions as to what conduct on Cote's part would constitute intervening or superseding cause, excusing the defendant Phillips from liability for any antecedent negligence of his.

The court charged that a defendant's negligence to afford a basis of recovery must be "the proximate cause or the substantial and essential factor in the production of the injuries, and to be such a substantial factor that negligence must have continued down to the moment of injury, or at least down to the setting in motion of the final, active injurious force which immediately preceded and produced the injury. In this case, I think I ought to say with respect to the negligence of Paquette, if you find negligence, that notwithstanding no physical injuries occurred as an immediate result of any negligence that you might find him guilty of, that, nevertheless if you found that he was negligent and that his negligence was the proximate cause of plaintiff's injuries, he is liable for the consequences of his acts." The court gave no other instructions upon this subject, except in conclusion,

after explaining that if the negligence of one defendant was the sole cause of the plaintiffs' injuries the verdict should be against such defendant only, it continued: "If you find that both defendant operators were negligent and the negligence of both of them operated in conjunction to produce the injuries . . . they [the plaintiffs] could recover from both of them, because . . . if the negligence of two or more persons join to produce an injury, each may be held liable for the whole injury. It is not essential in all cases of concurrent negligence that there should be concert of action between two defendants in causing an injury, or a violation of some common duty resting upon them in order to render them liable as joint wrongdoers, if the negligence of each in part directly caused the injury, both may be held responsible."

The determination of whether negligence of the defendant company was such a superseding cause as to prevent the antecedent negligence of the defendant Phillips from being a substantial factor in producing the plaintiffs' injuries was essential to a finding as to the defendant Phillips' liability. It was a question of fact for the jury to determine. *Roden* v. *Connecticut Co.*, 113 Conn. 408, 413, 155 Atl. 751; *Mahoney* v. *Beatman*, 110 Conn. 184, 197, 147 Atl. 762. It was therefore the court's duty to adequately explain to the jury the nature of superseding cause as related to the circumstances of this case by directions sufficient to bring them to a legal conclusion. *Lombardi* v. *Wallad*, 98 Conn. 510, 517, 120 Atl. 291. This its charge upon legal cause above quoted failed to do, and this failure constitutes reversible error. *Boileau* v. *Williams*, 121 Conn. 432, 440, 185 Atl. 429. The law is that while "the injury resulting from the breach of duty need not be the direct or immediate result of the wrongful act; if it is probable and a natural result, that is according

to the operations of natural laws, it is enough," nevertheless "the connection between negligence and injury may be broken by what the law terms an intervening cause, if the intervening cause in fact break the connection; . . . the intervening cause either must be a cause, whether intelligent or not, which so entirely supersedes the operation of the defendant's negligence that it alone, without his negligence contributing thereto in any degree, produces the injury; or it must be the non-concurring culpable act of a human being who is legally responsible for such act. But in no case is the connection between an original act of negligence and an injury actually broken if a man of ordinary sagacity and experience, acquainted with all the circumstances, could have reasonably anticipated that the intervening event might, not improbably but in the natural and ordinary course of things, follow his act of negligence. 1 Shearman & Redfield on Negligence (6th Ed.) § 25-§ 36a, inclusive, and cases cited; 1 Thompson on Negligence, § 49 to § 63; Vol. 8, § 49 to § 59." *Lombardi* v. *Wallad,* supra, 517; *Burbee* v. *McFarland,* 114 Conn. 56, 61, 157 Atl. 538. It should be noted, however, that subsequent decisions have made it clear that reasonable anticipation is not the basis upon which proximate causation is determined. *Mahoney* v. *Beatman,* supra, 191; *Reynolds* v. *Land Mortgage & Title Co.,* 114 Conn. 447, 455, 159 Atl. 282; *Mitnick* v. *Whalen Brothers, Inc.,* 115 Conn. 650, 651, 163 Atl. 414.

The court should have made clear to the jury the effect of this rule of intervening cause as related to the conflicting claims of proof. Thus it could have properly instructed the jury that the negligence of the defendant Phillips in order to be the basis of liability on his part must have been a substantial factor in producing the collision with the truck; that this would

be so if, having in mind the length of time the Corey car was stopped upon the highway, the speed with which the Rogers & Hubbard truck was approaching, the distance between it and the Corey car when the latter came to a stop, and other relevant circumstances, the jury found that in the natural and ordinary course of events the negligence of Phillips' driver Paquette substantially concurred with that of Cote in producing the collision with the truck; but that if, in view of these circumstances, the jury found that the negligence of Paquette had spent itself in producing the condition upon the highway confronting Cote so that Paquette's negligence had ceased to be an efficient factor to a substantial degree in producing the collision with the truck, and the negligence of Cote had so superseded that of Paquette that the former, without the negligence of the latter contributing to any material degree, was the real cause of that collision, then the negligence of Paquette would not be a proximate cause of the collision and the defendant Phillips would not be liable.

The defendant company claims that the court erred in refusing to set aside the verdict in each case. George Corey's verdict was for $6000; his wife Priscilla's for $1500; his daughter Frances' for $3000; and Wolfe's for $2000. While a study of the record suggests that the jury were liberal in their assessment of damages, we cannot say that their verdicts were unwarranted by the evidence. As we have often held, the conclusion of the trial court which saw all of the witnesses and heard their testimony is entitled to great weight. *Piascik* v. *Railway Express Agency, Inc.*, 119 Conn. 277, 280, 175 Atl. 519; *Adams* v. *Mohican Hotel*, 124 Conn. 400, 403, 200 Atl. 336; *Caldwell* v. *Danforth*, 124 Conn. 468, 470, 200 Atl. 577. There was ample evidence to support the conclusion of liability

on the part of the defendant company. The court did not err in refusing to set aside the verdicts.

There is error upon the appeal of the defendant Phillips and a new trial is ordered as to him. There is no error upon the appeal of the Rogers & Hubbard Company.

In this opinion the other judges concurred.