[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The first count of the complaint in this action names as a defendant Trooper Patrick Gaffney of the Connecticut State Police. The complaint was served on the Attorney General's office as allowed by statute. The defendant Gaffney has filed a special defense claiming that he is immune from liability under section 4-165 of the Connecticut General Statutes. The plaintiff has filed a motion to strike the special defense claiming that Gaffney has been sued only in his individual capacity and not personally and that persons sued in an official capacity are not immune from liability under section 52-556 of the General Statutes.
With a motion to strike the facts alleged in the pleading and facts necessarily implied from the facts in it are accepted as true, but the motion does not admit legal CT Page 3039 conclusions. Blancato v. Feldspar Corporation, 203 Conn. 34,36, 37; Burns v. Gleason Plant Security, Inc., 10 Conn. App. 480,482. A motion to strike can be used to test the sufficiency of a special defense. Connecticut Practice Book section 152(5); Nowak v. Nowak, 175 Conn. 112, 116; Passini v. Decker, 39 Conn. Sup. 20, 21.
Section 52-556 of the General Statutes provides that "any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned or insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury." (emphasis added). The statute does not give the plaintiff a direct cause of action against state employees. Moreover, section 4-165 of the General Statutes provides that a state employee is not personally liable for damage or injury caused in the discharge of his duties or within the scope of his employment where his conduct is not wanton, reckless or malicious. The first count of the complaint only alleges that Trooper Gaffney was negligent and failed to meet his duty of reasonable care as a police officer.
As the plaintiff concedes, section 4-165 bars a cause of action against Gaffney individually, but claims that the action is allowed under sections 52-64 and 52-556 of the General Statutes. Neither of these statutes are pleaded in the complaint, as required by section 109A of the Practice Book. Section 52-64 of the General Statutes only concerns service of process in a civil action against the state or any of its agencies, officers or employees, and it does not create a cause of action against either the state or a state employee. The state is protected by the doctrine of sovereign immunity from being sued without its consent, and this protection extends to agents of the state acting in its behalf. Cahill v. Board of Education, 187 Conn. 94, 101. Section 52-556 allows a cause of action against the state, but not the state employee, for injuries caused by the employee while operating a motor vehicle. While the state acts only through its officers and agents and a suit against a state officer is in effect one against the state itself, White v. Burns, 213 Conn. 307, 312, the complaint in this action is brought against the police officer, even though paragraph 4 of the complaint alleges that he was acting in his official capacity and within the scope of his duties as a state police officer. Section 52-556 creates a cause of action against the state, and as a statutory exception to the common law rule of sovereign immunity, must be narrowly construed. Rivera v. Fox 20 Conn. App. 619, 622. CT Page 3040
It is unnecessary to resolve the question whether the proper defendant is in this case, and whether failure to specifically include the state itself precludes recovery, since the issue is whether the special defense, construed most favorably to the defendant can be a valid defense to this action. Since the first count is against Gaffney and can be construed as an action against him individually, he has a valid special defense that he is immune from liability under section 4-165 of the General Statutes.
The motion to strike the special defense is denied.
ROBERT A. FULLER, JUDGE