[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff has filed a two count complaint. The two counts are similar but basically allege that the plaintiff, an at-will employee, was discharged by the defendant because of a physical disability. The defendant has moved to strike the two counts of the complaint claiming that neither states a cause of action. With a motion to strike the facts alleged in the complaint and facts necessarily implied from those facts are accepted as true, but the motion does not admit legal conclusions. Blancato v. Feldspar Corporation,203 Conn. 34, 36, 37; Burns v. Gleason Plant Security, Inc.,10 Conn. App. 480, 482. Assuming the facts alleged in the complaint can be proven, the question before the court is whether those allegations state a cause of action.
The first count claims that the plaintiff was placed on medical disability by the defendant due to a medical condition and that the defendant subsequently terminated the plaintiff's employment because of her medical condition. The second count contains the same allegation, but further states that the defendant engaged in an effort to intimidate and harass the plaintiff to cause her to quit her employment by: (1) claiming that she made a false medical claim, (2) verbal abuse of her by an agent and employee of the defendant in front of other employees, and (3) assigning her to a job CT Page 3041 location and work which the plaintiff could not readily perform because of her medical condition. While these two causes of action are not consistent, for the purpose of a motion to strike each count must be considered separately and the facts in it construed most favorably to the plaintiff.
The defendant contends that neither count states a cause of action under Connecticut law, and that if such a cause of action exists, it cannot be pursued until administrative remedies have been exhausted, which includes a proceeding under the Connecticut Fair Employment Practices Act, section 46a-60, et seq. of the Connecticut General Statutes.
Section 46a-60 (a)(1) makes it a discriminatory practice "for an employer. . . except in the case of a bona fide occupational qualification or need, . . . to discharge from employment any individual or to discriminate against him. . . in terms, conditions or privileges of employment because of the individual's. . . physical disability. . . ." Section 46a-82, et seq. of the General Statutes allows a person claiming to be aggrieved by an alleged discriminatory practice to file a complaint with the Commission on Human Rights and Opportunities (CHRO). If informal procedures to resolve the complaint are unsuccessful, the CHRO must hold a hearing and order appropriate relief on the complaint. Sections 46a-84
and 46a-86 C.G.S. Any party aggrieved by a final order of a hearing officer or any complainant aggrieved by the dismissal of his complaint by the CHRO may appeal under section 4-183
to the Superior Court. Section 46a-94a C.G.S.
In Atkins v. BridgePort Hydraulic Co., 5 Conn. App. 643,648 (1985), it was held that since the plaintiff could pursue a claim for discharge based on age discrimination with the CHRO, that he did not have an independent cause of action for wrongful discharge on the same basis. The plaintiff argues that this case is somewhat different because in Atkins a CHRO complaint was filed, and the plaintiff then attempted to bring an independent action, which was dismissed for failure to exhaust administrative remedies. In this case no CHRO complaint has been filed. This is a distinction without a difference. Where an administrative remedy is available, the doctrine of primary jurisdiction requires a party to use it before he can bring an independent action to achieve the same result in a court proceeding. Sharkey v. City of Stamford, 196 Conn. 253, 255-257; Cannata v. Department of Environmental Protection, 215 Conn. 616, 625. This action is premature since an apparent administrative remedy exists, the plaintiff has failed to use it, and there is no indication that the claims are within any of the exceptions to the exhaustion doctrine. CT Page 3042
Even if the plaintiff could show that a complaint to the CHRO is not an administrative remedy that must be exhausted, the defendant is also correct that neither count of the complaint states a cause of action under Connecticut law. In Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 475, the Supreme Court carved out a narrow public policy exception to the general proposition that contracts for an indefinite term of employment are terminable at will. It recognized a common law cause of action in tort for discharges "if the former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." Id., 475. Subsequent efforts by inventive plaintiffs have not been successful in expanding this rule or applying it to other areas. In the Sheets case the employer engaged in a retaliatory discharge because the employee made a complaint about illegal activity of another employee. It was held in Magnan v. Anaconda Industries, Inc., 193 Conn. 558, that there was no cause of action for wrongful discharge in retaliation for an employee's refusal to sign a statement he claimed to be untrue. In Morris v. Hartford Courant Co., 200 Conn. 676,681, a false but negligently made accusation of criminal conduct, namely misappropriation of company funds, resulting in discharge of an employee, was held not actionable because it was not derived from some important violation of public policy. The court stated at page 680:
 "The plaintiff has failed to identify any particular public policy affronted by his termination. Given the inherent vagueness of the concept of public policy, it is often difficult to define precisely the contours of the exception. Nevertheless, the plaintiff has not alleged that his discharge violated any explicit statutory or constitutional provision. Nor has he alleged that his dismissal contravened any judicially conceived notion of public policy."
Here the plaintiff claims harassment to cause her to quit her employment because of her medical condition, and actual discharge because of her medical condition. No case law has been identified to support the existence of either cause of action. The defendant's argument is persuasive that to allow such claims would open the courts to all sorts of job-related complaints and undermine the well established concept of noninterference by the courts in contracts for an indefinite term of employment which are terminable at will. If Pandora's Box is to be opened, it will have to be done by the legislature or by the Supreme CT Page 3043 Court.
The motion to strike is granted as to both counts.
ROBERT A. FULLER, JUDGE