[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#127)
On March 22, 1994, the plaintiff, Kathleen Watkins, filed a one count complaint in negligence against the defendant, Kenichi CT Page 6057 Yamaguchi. The plaintiff alleges in her complaint that Kenichi Yamaguchi was negligent in leaving the keys in the ignition of a motor vehicle he owned, which was parked in his garage at 41 Windsor Lane in Greenwich, Connecticut. The plaintiff further alleges that the vehicle was stolen by Jermaine Kennedy, who operated such vehicle in a negligent manner, striking a vehicle occupied by the plaintiff and causing her to suffer injuries. Kenichi Yamaguchi moved to cite in Jermaine Little, also known as Jermaine Kennedy, as a party defendant, which was granted by the court, Ballen, J., on September 26, 1994. The plaintiff then moved to cite in Makiko Yamaguchi as a defendant, alleging that she was authorized to use the motor vehicle which was stolen, and it was she who left the vehicle unlocked and unattended with the keys in the ignition. This motion was granted by the court, Maiocco, J., on April 18, 1995.
On June 28, 1996, the Yamaguchis filed a motion for summary judgment on the grounds that even if the Yamaguchis were negligent in leaving the keys in the vehicle, such negligence was not the proximate cause of the plaintiff's injuries. The plaintiff filed a memorandum in opposition to the Yamaguchis' motion for summary judgment on July 26, 1996.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995). "`The test is whether a party would be entitled to a directed verdict on the same facts."' Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Home Insurance Co. v. Aetna Life CT Page 6058Casualty Co., supra, 202.
The Yamaguchis assert that they are not liable for negligence in that leaving the keys in the ignition of their motor vehicle was not the proximate cause of the plaintiff's damages because such damages were a result of the superseding, intervening acts of a third party. The plaintiff responds that such a determination is a genuine issue of material fact.
"[T]he issue of proximate cause is ordinarily a question of fact for the trier. . . . Conclusions of proximate cause are to be drawn by the jury and not by the court. . . . It becomes a conclusion of law only when the mind of a fair and reasonable man could reach only one conclusion; if there is room for reasonable disagreement the question is one to be determined by the trier of fact." (Citations omitted; internal quotation marks omitted.) Doev. Manheimer, 212 Conn. 748, 756-57, 563 A.2d 699 (1989), modified, Stewart v. Federated Department Stores, Inc., 234 Conn. 597,608, 662 A.2d 753 (1995).
The Yamaguchis rely upon Burns v. Gleason Plant Security,Inc., 10 Conn. App. 480, 523 A.2d 940 (1987) to argue that the superseding, intentional act of a third party in stealing the vehicle and causing an accident cannot, as a matter of law, be within the scope of the risk created by the Yamaguchis. "If the third person's [conduct] is determined to be a superseding cause of the plaintiff's injury, that [conduct], rather than the negligence of the party attempting to invoke the doctrine of superseding cause, is said to be the sole proximate cause of the injury." Id., 483. In Burns, the court determined that it was not foreseeable that a third party would steal a car, "drive elsewhere, leave the car, enter a store, commit an armed robbery, and assault an innocent person in the course of that robbery." Id., 486. However, the court also stated that in leaving keys in an unlocked car in a high crime area, it may be a foreseeable risk that the car may be stolen and negligently operated, causing injury to an innocent person. Id.
"Under Connecticut law, the leaving of a key in the ignition switch of an automobile which enables an intermeddler to misappropriate the automobile and subsequently cause an injury could constitute negligence. . . . It becomes, under Connecticut common law, a question of fact reserved for the jury. . . . Nevertheless . . . the mere leaving of the key in the ignition, without something more, would not constitute NEGLIGENCE." CT Page 6059 (Citations omitted.) Barnett v. Rosenthal, 40 Conn. Sup. 149,150, (1984, Berdon, J.). The Supreme Court has stated that it is not a determination of law as to whether leaving keys in the ignition of an unlocked car, in a place where a thief may look for it, constitutes negligence. See Smith v. Leuthner, 156 Conn. 422,426, 242 A.2d 728 (1968); Anderson v. Gengras Motors, Inc.,141 Conn. 688, 691-92, 109 A.2d 502 (1954); see also Alberone v.King, 26 Conn. Sup. 98, 100 (Super.Ct. 1965).
The Yamaguchis have attested that the keys were left in the ignition of the vehicle, and that they are uncertain as to whether the garage door was open. The Yamaguchi's have also submitted an affidavit from a captain in the Greenwich Police Department who attests that there were no auto thefts or major crimes in the area from which the vehicle was stolen in 1993 or 1992. The plaintiff has submitted an affidavit from another captain in the Greenwich Police Department who attests that in 1990 there were two burglaries, a larceny of motor vehicle parts in the Windsor Lane area, and further that a motor vehicle was stolen at 41 Windsor Lane in 1990. The fact that a vehicle was stolen from the same premises creates a genuine issue of material fact as to whether it was foreseeable that another vehicle could be stolen, driven negligently, consequently injuring a third party.
Accordingly, the Yamaguchi's motion for summary judgment is denied.