[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #117
This is action arises out of an agreement between the plaintiff, Ralph Davoli ("the plaintiff") and the defendants, Leonard Marazzi and Francis DeMaio, d/b/a Vacancy Busters ("the defendants"), in which the defendants agreed to find qualified tenants to occupy property owned by the plaintiff. The plaintiff has filed a three count complaint in which he alleges that the defendants negligently performed the contract and breached the agreement between the parties.[1] Specifically, the plaintiff alleges that the defendants were negligent in holding out certain tenants, the Zahornasky family (the "tenants"), as qualified when the defendants 1) should have known that the tenants were recently involved in a summary process action and 2) should have known that the verification employment of one of the tenants was improperly filled out and indicative of general misrepresentation. In reliance on the alleged representations of the defendants in holding out the tenants as qualified, the plaintiff alleges that he suffered damages when the tenants CT Page 15565 failed to pay rent and damaged the premises necessitating a summary process action and the ultimate loss of the property through foreclosure proceedings.
The defendants have filed a motion for summary judgment on the ground that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. Specifically, the defendants argue that as the plaintiff independently renewed the tenants' lease following the expiration of the original year lease, any acts or omissions of the defendants were not the proximate cause of the plaintiff's injuries. The court agrees and grants summary judgment in favor of the defendants.
The plaintiff objects to the motion for summary judgment. In his memorandum of law in support of his objection, the plaintiff argues that he would not have chosen the tenants had the defendants supplied him with all the information he needed to make a properly informed decision. Accordingly, the plaintiff argues that even though the listing agreement with the defendant provides for a one year lease, this period of time is irrelevant because the defendants had a duty to find qualified applicants no matter how long the lease period. Moreover, the plaintiff argues that the tenants caused damage to the property during the original lease period and that he offered the tenants a new six-month lease (on which the tenants defaulted in the fourth month) only because he realized that the tenants would not leave the premises following the expiration of the original lease. As such, the plaintiff points to the existence of questions of material fact which preclude the granting of summary judgment at the present time.
Actions for negligent performance of a contract and breach of contract involve different standards for awarding damages. In the former, "the plaintiff is entitled to recover all damages proximately caused by the [defendant's] negligent performance of the contract whether or not the results were reasonably to be anticipated." Mattegat v. Klopfenstein, 50 Conn. App. 97, 104, ___ A.2d ___ (1998), citing Johnson v. Flammia, 169 Conn. 491,499, 363 A.2d 1048 (1975). In actions involving breach of contract "damages are limited to those the defendant had reason to foresee as the probable result of the breach at the time the contract was executed." Mattegat v. Klopfenstein,
supra, 50 Conn. App. 105. See also 3 Restatement (Second), Contracts § 351 (1979). CT Page 15566
Proximate cause exists where there is a sequence of events unbroken by a superseding cause. Coburn v. Lenox Homes, Inc.,186 Conn. 370, 383, 441 A.2d 520 (1982). According to the defendants, the plaintiff's renewal of the tenants lease for an additional period was outside the scope of the defendants' specific one year contract with the plaintiff. Thus, the defendants argue that there is no proximate cause.
Connecticut has adopted the doctrine of superseding cause as stated in the Restatement (Second), Torts §§ 440-453. SeeWagner v. Clark Equipment Co., Inc., 243 Conn. 168, 178,700 A.2d 38 (1997). The function of superseding cause "is to define the circumstances under which responsibility may be shifted entirely from the shoulders of one person, who is determined to be negligent, to the shoulders of another person, who may also be determined to be negligent, or to some other force. A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." (Citations omitted; internal quotation marks omitted.) Id., 179.
"The doctrine serves as a dividing line between closely related factual situations: where two forces combines to cause the plaintiff's injuries; and where one force intervenes in such a way as to relieve a negligent defendant from liability . . . Thus, the doctrine of superseding cause serves as a device by which one admittedly negligent party can, by identifying another's superseding conduct, exonerate himself from liability by shifting the causation element entirely elsewhere." (Citations omitted; internal quotation marks omitted.) Id.
"The circumstances under which this shifting takes place have been well-defined in our case law. Even if a plaintiff's injuries are in fact caused by a defendant's negligence, a superseding cause may break that causal connection if it so entirely supersedes the operation of the defendant's negligence that it alone, without his negligence contributing thereto in any degree, produces the injury; or it must be the non-concurring culpable act of a human being who is legally responsible for such act. . . . If a defendant's negligence was a substantial factor in producing the plaintiff's injuries, the defendant would not be relieved from liability for those injuries even though another force concurred to produce them." (Citations omitted; Internal CT Page 15567 quotation marks omitted.) Id, 180. "Whether a superseding cause was of such a character as to prevent an act of negligence of the defendant from being a substantial factor in producing a plaintiff's injury is ordinarily a question of fact." Id. See also Amendola v. Geremia, 21 Conn. App. 35, 38, 571 A.2d 131, cert. denied, 215 Conn. 803, 574 A.2d 217 (1990) ("[t]he doctrine must be applied to the facts of a case . . . and therefore involves the resolution of questions properly left to the factfinder" [Citations omitted.]).
Nonetheless, the question whether proximate cause exists becomes a question of law in circumstances where the mind of a fair and reasonable man could only reach one conclusion.Trzcinski v. Reiley, 190 Conn. 285, 295, 460 A.2d 1269 (1983);Burns v. Gleason Plant Security. Inc., 10 Conn. App. 480, 485,523 A.2d 940 (1987). "[P]roximate cause [exists when] the defendant's negligence was a substantial factor in causing the plaintiff's injuries and . . . the harm which occurred was of the same general nature as the foreseeable risk created by the defendant's negligence." Elliott v. City of Waterbury,245 Conn. 385, 402, ___ A.2d ___ (1998).
In the present case, the plaintiff and the defendants entered into a listing agreement that was to commence on July 25, 1994 and continue until the property in question was rented. As the tenants entered into a twelve month lease commencing on September 1, 1994 and expiring on August 27, 1995, the listing agreement between the plaintiff and the defendants ended on or about September 1, 1994.[2] Following the expiration of the lease, the plaintiff renewed the tenants' lease for an additional six months. It was during this second lease that the tenants defaulted.
The plaintiff argues that the time of the tenants' default is of no consequence in regards to the alleged negligence of the defendants. Such an argument, however, would potentially subject the defendants to liability for an indefinite period of time. For instance, had the tenants defaulted in the tenth year of occupancy, after they had renewed their lease a number of times rather than just once, the plaintiff would still be able to argue that the defendants had negligently performed their contracts and should be responsible for the breach of the tenants because the plaintiff had originally relied on the services and tenants provided by the defendants. Such a result could not have been contemplated by the defendants as a foreseeable risk created CT Page 15568 by their alleged negligence. That is, the defendants could not have foreseen that they would be responsible for the tenants they found even after the plaintiff has, of his own volition and without the consent or consultation of the defendants, entered into a new lease with the tenants.
"In determining proximate cause, the point beyond which the law declines to trace a series of events that exist along a chain signifying actual causation is a matter of fair judgment and a rough sense of justice." Boehm v. Kish, 201 Conn. 385, 391-92,517 A.2d 624 (1986). The law insists on drawing such lines and concluding that at some point the defendant's conduct, even if unlawful, is so remote from the plaintiff's injuries that it cannot be reasonably be considered the proximate cause of those injuries, namely that it is not a substantial factor in causing the injuries. Burns v. Gleason Plant Security, Inc., supra, 10 Conn. App. The court, finds that, as a matter of law, the plaintiff's renewal of the tenants' lease, and not the earlier acts or omissions of the defendants, was the proximate cause of the injuries suffered by the plaintiff when the tenants breached their lease.
The finding that the actions or omissions of the defendants are not the proximate cause of the plaintiff's injury is also applicable to the plaintiff's cause of action based on breach of contract. "It is hornbook law that to be entitled to damages in contract a plaintiff must establish a causal relation between the breach and the damages flowing from that breach. Such causal relation must be more than surmise or conjecture, inasmuch as a trier is concerned not with possibilities but with probabilities. Where . . . the damages claimed are remote from the breach complained of and the causal connection is wholly conjectural, there can be no recovery." Calig v. Schrank, 179 Conn, 283, 286,426 A.2d 274 (1976). As such, the courts have adopted the idea expressed in 3 Restatement (Second), Contracts § 351, that "[d]amages are not recoverable for loss that the party in breach did not have reason to foresee as a probable result of the breach when the contract was made." See Mattegat v.Klopfenstein, supra, 50 Conn. App. 105; see also Jacob v. Thomas,26 Conn. App. 305, 314, 600 A.2d 1378 (1991), cert. denied212 Conn. 914 (1992) ("[c]ourts have traditionally held that a party may recover general contract damages for any loss that may fairly and reasonably be considered as arising naturally, i.e., according to the usual course of things, from such breach of contract itself . . ." [Citations omitted; CT Page 15569 internal quotation marks omitted.]).
The requirement of proximate cause used in negligent performance of a contract action is a less severe limitation of liability than the requirement of anticipation or foreseeability in breach of contract cases. Mattegat v. Klopfenstein, supra,50 Conn. App. 105. As with the lack of proximate cause under the negligence cause of action, the court, similarly finds that the defendants could not reasonably be held to have foreseen, at the time they entered into the agreement with the plaintiff, that they would be held responsible for the tenants defects or nonperformance even after the plaintiff had voluntarily renewed the lease with the tenants into a new renewal term on which the defendants did not perform screening services.
Finally, where the plaintiff without involvement of the defendants signed a new lease agreement with the same tenant, the reasons to limit the legal consequences to the defendants arising from their work on the expired first lease are adequately summed up in Jaworski v. Kiernan, 241 Conn. 399, 406 (1997). "Every injury has ramifying consequences, like the ripplings of the waters, without end. The problem for the law is to limit the legal consequences of wrongs to a controllable degree." (Citation omitted; internal quotation marks omitted.) Id.
The defendant's motion for summary judgment is granted.
Flynn, J.