This action was instituted against the named defendant and Bertha P. Reed to recover damages for injuries alleged to have been caused by the negligence of Guyer L. Welch while operating a motor vehicle owned by the defendant Bertha Reed. The named defendant was defaulted for failure to appear and judgment was rendered against him. The action against Bertha P. Reed Was withdrawn. More than thirty days after judgment was rendered against Welch and not satisfied, the plaintiff, pursuant to 38-175 of the General Statutes, moved to cite in the Hartford Accident and Indemnity Company as a codefendant. That motion was granted and the plaintiff filed an amended complaint in which she alleged, inter alia, that her cause was within the omnibus clause[1] *Page 525 
coverage of an insurance policy issued by the defendant insurance company to Bertha P. Reed because the defendant Guyer L. Welch was operating the Reed vehicle with her permission. After closing the pleadings, the defendant insurance company moved for summary judgment on the issue of liability and supported its motion with the affidavit of Bertha P. Reed and a copy of the insurance policy. In her affidavit Bertha Reed stated that "on the date of the accident, May 16, 1971, Guyer L. Welch was not operating her motor vehicle with her permission or with her knowledge." The plaintiff filed an objection to the motion for summary judgment and portions of a deposition and statement given by Bertha Reed. The plaintiff claims that the deposition and statement given by Bertha Reed contradict the conclusionary statement contained in her affidavit attached to the defendant's motion for summary judgment and, therefore, a genuine issue of a material fact exists as to permission.
"A motion for summary judgment is designed to dispose of actions in which there is no genuine issue of any material fact." Michaud v. Gurney,168 Conn. 431, 433; Rathkopf v. Pearson, 148 Conn. 260,263. In applying the summary judgment rules the function of the trial court is to determine whether an issue of fact exists, but not to try that issue if it does exist. Dorazio v. M. B. Foster Electric Co., 157 Conn. 226, 228.
In this case we do not have the benefit of a finding or memorandum of decision of the trial court. Accordingly, we are restricted to an examination of the pleadings, affidavit, insurance policy, deposition and statement of the owner of the vehicle to determine whether they "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter *Page 526 
of law." practice Book 303; Pine Point Corporation v. Westport Bank Trust Co., 164 Conn. 54, 55. the narrow issue presented to the trial court was whether a genuine issue of a material fact existed. The party moving for summary judgment has the burden of proving that no such genuine issue of a material fact exists in order to be entitled to judgment. In sustaining that burden, the movant must show that it is quite clear what the truth is, and thus exclude any real doubt as to the existence of any genuine issue of material fact. Spencer v. Good Earth Restaurant Corporation,164 Conn. 194, 197-98.
Applying those principles to the instant case, the trial court's decision to grant the motion for summary judgment cannot be supported. The question of whether Guyer L. Welch was operating the Reed vehicle with the permission of Bertha Reed within the meaning of the terms of the insurance policy does present a genuine issue of material fact. The word "permission" has a broad scope and it "is not necessarily limited to that granted by arrangement between the parties or otherwise in definite, express terms. It may arise, and be implied, from a course of conduct, pursued, with knowledge of the facts, for such time and in such manner as to signify, and be compatible only with, an understanding consent amounting to a grant of the privilege involved." Tomasetti v. Maryland Casualty Co., 117 Conn. 505, 508.
The parties here are at issue on the question of implied permission. The affidavit offered by the defendant insurance company is concerned only with express permission. The deposition and statement of Bertha Reed, which were submitted by the plaintiff, reveal that Bertha Reed permitted her daughter to borrow the car on May 15, 1971, and at that time her daughter was accompanied by Guyer L. Welch, *Page 527 
who she knew was a friend of her daughter. Bertha Reed at that time also knew that Welch had been involved in an automobile accident the week before while driving her daughter's car and she further admitted that she did not tell her daughter that no one else should be allowed to drive the car.
The parties do not dispute the fact that Bertha Reed gave her daughter permission to operate the car on the day of the accident. The issue is whether the grant of permission to the daughter was broad enough to include an implied grant of authority to the daughter to give permission to another to use the vehicle. That factual determination must be made in order to ascertain whether coverage exists under the omnibus clause of Bertha Reed's insurance policy. In the nature of this case the testimony of witnesses, particularly of Bertha Reed and her daughter, is crucial to answer the question of whether there was implied permission for the defendant Welch to operate the vehicle. `The situation [is] peculiarly one Which require[s] an evidentiary hearing for a trial of the issues of fact in which the trier would be called on to determine the credibility of witnesses and the weight to be given to their testimony." Spencer v. Good Earth Restaurant Corporation, 164 Conn. 194, 199. The issue is not how difficult it will be for the plaintiff to prove the allegations of her complaint but whether a genuine issue of a material fact exists.
 There is error, the judgment is set aside and the case is remanded with direction to deny the motion for summary judgment and then proceed according to law.
In this opinion SPEZIALE and D. SHEA, Js., concurred.