WAINE A. HUGHES *v.* NATIONAL CAR RENTAL SYSTEMS, INC.
(8481)

DUPONT, C. J., NORCOTT and LAVERY Js.

Argued May 8—decision released August 14, 1990

*Stewart M. Casper,* with whom was *Joseph N. Varon,* for the appellant (plaintiff).

*J. Kevin Golger,* for the appellee (defendant).

DUPONT, C. J. The plaintiff appeals from the judgment rendered after the trial court granted the defendant's motion to strike both counts of the plaintiff's complaint.[1] The sole issue is whether the plaintiff's complaint alleges a cause of action pursuant to General Statutes § 14-154a, "Liability of owner for damage caused by rented or leased car."

Certain relevant allegations are made by the plaintiff. On September 12, 1986, Antoinette Pettway rented a car from the defendant. She subsequently entrusted the car to an acquaintance, Wayne Jones. That same evening, as Jones was operating the rental car on Interstate 95, he approached a vehicle driven by the plaintiff heading in the same direction. Jones was driving at an excessive speed, and was flashing the vehicle's headlights and honking the horn. He overtook the plaintiff's vehicle, pulled alongside it and fired a revolver into the passenger compartment. The bullet struck the plaintiff, causing severe and permanent injuries. Jones was subsequently convicted, after pleading guilty, of second degree reckless assault in violation of General Statutes § 53a-60 (a) (3). The plaintiff filed this action alleging that the defendant, as the lessor of the car, was liable for his injuries pursuant to General Statutes § 14-154a.

Section 14-154a provides that "[a]ny person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the opera-

---

[1] The second count is not the subject of this appeal, the plaintiff having challenged the judgment as to the first count only.

tor would have been liable if he had also been the owner." In its memorandum of decision, the court stated that the plaintiff had not alleged facts that would allow proof that the operation of the car caused the injuries. Rather, the allegations supported only the conclusion that the shooting caused the plaintiff's injuries. The court, therefore, granted the motion to strike because the allegations were insufficient to state a cause of action under § 14-154a. The plaintiff argues that the shooting and the operation of the rented car were concurrent causes of his injury that were inextricably intertwined.

A motion to strike challenges the legal sufficiency of the pleadings. In reviewing the granting of a motion to strike, we construe the facts alleged in the complaint in a light most favorable to the pleader. *Burns* v. *Gleason Plant Security, Inc.,* 10 Conn. App. 480, 482, 523 A.2d 940 (1987). In order to affirm the trial court's decision, therefore, we must find that the plaintiff could not have proven, on the basis of the facts alleged in his complaint, that his injuries were "caused by the operation of [the defendant's] motor vehicle." This determination necessarily involves a review of the relevant statute and the plaintiff's complaint.

Section 14-154a imposes a vicarious liability unknown at common law. The statute creates what has been termed a "statutory suretyship," and holds the owner of the rented vehicle liable for injuries caused by the operation of the vehicle as if he were the operator. *Gionfriddo* v. *Avis Rent A Car System, Inc.,* 192 Conn. 280, 287, 472 A.2d 306 (1984); *Levick* v. *Norton,* 51 Conn. 461, 469 (1884).

Underlying the imposition of this type of liability is a legislative policy of a deliberate allocation of a risk, which holds an enterprise liable for such injuries as a cost of doing business. See W. Prosser & W. Keeton,

Torts (5th Ed.) § 69. Negligence is imputed to a third party because of "the social necessity to provide injured plaintiffs with financially responsible defendants." *Nowak* v. *Nowak*, 175 Conn. 112, 125, 394 A.2d 716 (1978). "As in other branches of the law where strict liability is imposed, the legislature is free to conclude that costs associated with rentals to unsafe drivers should be borne by the enterprise that affords such drivers access to the highways, without requiring the injured party to show the negligence of the enterprise itself." *Gionfriddo* v. *Avis Rent A Car System, Inc.*, supra, 289.

Section 14-154a has been liberally construed. A lessor of a motor vehicle has been held liable for injuries caused by the operation of the vehicle by the brother of the lessee, even if the lease agreement expressly excluded such liability. *Fisher* v. *Hodge*, 162 Conn. 363, 371, 294 A.2d 577 (1972). It has also been construed as permitting an award of treble damages. *Gionfriddo* v. *Avis Rent A Car System, Inc.*, supra, 290. To date, however, no case has addressed the scope of the language "caused by the operation of such motor vehicle."

The issue in the present case is whether the legislature intended § 14-154a to impose liability for any damage caused by the operator of a rented vehicle while operating it. There is no legislative history to use for guidance. In the absence of legislative history, we ordinarily look to general common law principles of proximate causation to guide our analysis. See *Lamb* v. *Burns*, 202 Conn. 158, 170–71, 520 A.2d 190 (1987). Proximate cause has been defined as a cause in fact that is a substantial factor in the resulting harm. *Doe* v. *Manheimer*, 212 Conn. 748, 757, 563 A.2d 699 (1989); *Boehm* v. *Kish*, 201 Conn. 385, 391, 517 A.2d 624 (1986). "In determining proximate cause, the point beyond which the law declines to trace a series of events that exist along a chain signifying actual causation is

a matter of fair judgment and a rough sense of justice." *Boehm* v. *Kish,* supra, 391–92, citing *Palsgraf* v. *Long Island R.R. Co.,* 248 N.Y. 339, 352, 354–56, 162 N.E. 99 (1928) (Andrews, J., dissenting). In the present case, the identification of that point is difficult because the defendant's potential liability is statutory and is not based on any negligence of the defendant. Here, therefore, the appropriate inquiry is whether the plain language of the statute imposes liability for the type of conduct that caused the plaintiff's injuries. We conclude that it does not.

Ordinarily, the determination of proximate cause is a question of fact for the trier. *Doe* v. *Manheimer,* supra; *Burns* v. *Gleason Plant Security, Inc.,* supra, 485. When the mind of a fair and reasonable person could reach only one conclusion, however, it becomes a question of law. *Burns* v. *Gleason Plant Security, Inc.,* supra. If there is room for a reasonable disagreement, the question should be submitted to the trier of fact; *Doe* v. *Manheimer,* supra; and not determined by the court on a motion to strike. Reading the complaint in a manner most favorable to sustaining the plaintiff's claims, we conclude that there is no room for disagreement on the question of proximate cause.

The complaint alleges that Jones operated the vehicle in an erratic manner at an excessive rate of speed, that he "caused it to overtake and to come alongside the vehicle being operated by the plaintiff," and that he fired a revolver in the direction of the plaintiff's vehicle. It further alleges that the plaintiff's injuries occurred "[a]s a result of the foregoing conduct of Jones . . . while operating the rental vehicle . . . ." The complaint does not allege that the plaintiff's particular injuries were caused by the speed of the car or the particular manner in which it was driven. Although the plaintiff argues vigorously on appeal that the distance that was maintained between the rental car and the

plaintiff's car was necessary to produce the injury, we cannot view the *operation* as anything more than a means of access to the plaintiff's car and a means of escape. Although there is no question that the vehicle was in operation within the meaning of § 14-154a at the time of the shooting, the allegations do not support the conclusion that the operation of the motor vehicle was the proximate cause of the plaintiff's injuries.

"A cause of action that is solely statutory in its derivation cannot be judicially expanded to encompass grievances for which the legislature has not seen fit to provide a remedy." *Cook* v. *Collins Chevrolet, Inc.,* 199 Conn. 245, 251–52, 506 A.2d 1035 (1986). The legislature may, if it chooses, amend the statute to impose liability for any damage caused by the operator while operating the rented vehicle. Thus far, however, it has chosen to require the operation itself to be the proximate cause of the injury.

We conclude that, on the basis of the language of the statute and the allegations in the plaintiff's complaint, the trial court properly determined that the plaintiff failed to state a cause of action pursuant to § 14-154a.

The judgment is affirmed.

In this opinion the other judges concurred.