[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANT UNISTRESS CORPORATION'S MOTION TO STRIKE (NO. 123)
In this multi-count complaint, the defendant Unistress Corporation seeks to strike the sixth count based on the Connecticut Unfair Trade Practices Act, (CUTPA), General Statutes42-110a et seq., on the grounds that the plaintiff Home Insurance Company failed to allege all the elements necessary to support such a violation. "In reviewing the granting of a motion to strike, we construe the facts alleged in the complaint in a light CT Page 2687 most favorable to the pleader." Hughes v. National Car Rental Systems, Inc., 22 Conn. App. 586, 588 (1990).
The plaintiff alleges in its complaint the following: the crane of its insured, Allied Crane Service Equipment, Inc., collapsed when it was lifting and setting precast concrete bleachers at the direction of the defendant Taylor Precast; the bleachers were fabricated by the defendant Unistress; the weight of the concrete precast pieces lifted by the insured's crane were understated by Unistress and the actual weight of the bleachers exceeded the crane's capacity, which caused the crane to collapse resulting in damage to the crane in excess of $694,000.00. The plaintiff alleges that the defendant Unistress violated CUTPA because of both negligent and intentional acts of failing to furnish the accurate weight of the concrete precast bleachers.
In order to determine whether an action or practice which is not explicitly a violation of the law or deceptive is unfair and can be the basis of a CUTPA action, Connecticut has been guided by the "cigarette rule" adopted by the federal trade commission set forth in F.T.C. v. Sperry Hutchinson Co., 405 U.S. 233, 244-45
n. 5 (1972), as follows: "(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness: (2) whether it is is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]." Conaway v. Prestia, 191 Conn. 484, 492-3 (1983).
The defendant argues that all three elements of the "cigarette rule" must be met. This narrow view of CUTPA finds support in the recent case of A-G Foods, Inc. v. Pepperidge Farms, Inc., 216 Conn. 200, 217 (1990) as it pertains to an "underlying claim grounded solely in negligence." A-G Foods, however, stopped short of holding that all three of the criteria must be met for cases other than those arising out of negligence. Furthermore, in regard to negligence, the holding of A-G Foods, at least until the appellate courts have an opportunity to speak further, must be viewed in the factual setting that the claimant therein was found to be forty per cent contributorily negligent.
In order to determine whether an action or practice is unfair and can be the basis of a CUTPA action, the legislature directed that the courts of this state be guided by federal interpretation of the Federal Trade Commission Act. General Statutes 42-110b(b); Atlantic Richfield Co. v. Canaan Oil Co.,202 Conn. 234, 247 (1987). The FTC, in regard to the criteria of the "cigarette rule," has stated: "All three criteria do not need CT Page 2688 to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Statement of Basis and Purpose, Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures, 43 Fed. Reg. 59,614, 59,635 (1978); McLaughlin Ford, Inc. v. Ford Motors Co., 192 Conn. 558, 560 n. 15 (1984). It would seem that no hard or fast rule should be established as to the need to meet all the criteria of the "cigarette rule." Rather, it should depend upon all the circumstances of the particular case. Atlantic Richfield Co. v. Canaan Oil Co., supra 242. This approach would be consonant with the remedial purposes of CUTPA which requires a liberal construction. Murphy v. McNamara, 36 Conn. Sup. 183 (1979); Sportsmens' Boating Corp. v. Hensley, 192 Conn. 747, 756 (1989).
Nevertheless, even if this court required the allegations to meet all three criteria of the "cigarette rule," the motion to strike must fail. The allegation that Unistress intentionally understated the weight of the precast concrete bleachers which resulted in causing substantial damage to the crane could satisfy is, all three elements — that is the trier of fact could find that the conduct offends public policy, was unscrupulous and caused substantial injury. "`Whether a practice is unfair and thus violates CUTPA is an issue of fact."' Edart Truck Rental Corp. v B. Swirsky Co., 23 Conn. App. 137, 145 (1990). In determining whether a pleading can survive a motion to strike, the court is required to consider those facts which are necessarily implied by and provable under the allegations. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988).
The motion to strike is denied.[1]
ROBERT I. BERDON, JUDGE