[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS ANDREW DRAGAT'S AND HENRY SCHADLER'S MOTION TO STRIKE (NO. 105)
The defendants Andrew Dragat and Henry Schadler move to strike the third and fourth counts wherein the plaintiff seeks to hold them liable under the Connecticut Product Liability Act,52-240a, 52-240b, 52-572m through 52-572r and 52-577a
(hereinafter "C.P.L.A."). The motion raises the issue of whether the defendants who are architects were "product sellers" within the meaning of C.P.L.A. with regard to the design and construction of a stairway on which the plaintiff Samuel Packtor was injured.
The plaintiff alleges that as he ascended the stairway leading to his second floor office he fell, that he was caused to fall as a result of the stairway being in a dangerous, defective and unsafe condition, and that the defendant architects were responsible for the "design and construction" of the premises including the stairway on which the fall occurred.
This court can add little to the well-reasoned decision of Judge Emmett in Colangelo v. Norwalk YMCA, 2 CSCR 732, 733
(Sup. Ct. May 19, 1987, Civil No. 075487), which held the following:
 The courts in Connecticut, as well as elsewhere, are virtually unanimous in concluding that the rendering of professional services to an individual customer (in contrast to the rendering of such services as part of a process of mass production) does not subject the professional to liability in a defective product action. See Acme Cotton Products Co., Inc. v. Lockwood Greene Engineers, Inc., 10 Conn. L. Trib. No. 34, p. 11 (Super.Ct., April 19, 1984, Hammer, J.) (rendering of custom architectural and CT Page 3263 engineering services does not constitute sale of a product); K-Mart Corp. v. Midcon Realty Group of Conn. 489 F. Sup. 813 (D. Conn. 1980) (product liability law not applicable to architect's design not intended for or subject to widespread distribution and use); LaRossa v. Scientific Design Co., 402 F.2d 937 (3rd Cir. 1968) (because engineering services at issue did not affect public at large, product liability law not applicable); see also cases cited Anno., Strict Tort Liability Services, 29 A.L.R.3d 1425.
In order to determine whether a claimant can proceed under C.P.L.A., the court must look to the factual circumstances of each case and generally exclude persons exercising professional judgment within their legally authorized scope of practice. Construing the facts alleged in the third and fourth counts of the complaint in a light most favorable to the plaintiff; Hughes v. National Car Rental Systems, Inc., 22 Conn. App. 586, 588 (1990); there is no allegation which would take this matter out of the general rule. See Newmark v. Gimbel's Inc., 54 N.J. 585,258 A.2d 697, 702 (1969). For example, this is not a case where the plaintiff alleges the defendants designed this staircase for mass marketing and that the "product" predominates over the professional services.
The motion to strike counts three and four which allege the defendant architects are liable under C.P.L.A. is granted.
Robert I. Berdon, Judge