[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIRE (NO. 120)
Plaintiff, Michael Olexovitch, brought a three count amended complaint for personal injuries against defendants Budget, Joseph Falango and Joanne Falango. Plaintiff alleges that he sustained personal injuries because of the negligent operation of a motor vehicle by Joseph Falango. The car is admittedly owned by Budget and was rented by Joanne Falango.
Budget filed a two count cross-claim alleging that Budget entered into a written agreement with Joanne Falango for the rental of a 1988 Buick LeSabre. Joseph Falango was listed on the rental agreement as an additional driver.
In the first count, Budget seeks common law indemnification based on active/passive negligence against Joseph and Joanne Falango. The second count seeks contractual indemnification against Joanne Falano based on the terms of the car rental agreement.
Joseph and Joanne Falango filed a motion to strike CT Page 8616 Budget's cross-claim claiming that it is insufficient as a matter of law.
A motion to strike is the proper vehicle with which to test the legal sufficiency of a cross-claim. Practice Book 152(1). In ruling on a motion to strike the court is limited to the facts alleged in the complaint. Rowe v. Godeu, 209 Conn. 273,278, 550 A.2d 1073 (1988). The court must construe the facts in the complaint most favorably to the plaintiff. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1985).
Joseph and Joanne Falango maintain that Budget's liability as the rental car owner is statutory and non-delegable under Connecticut General Statutes 14-154a. Therefore, they are insulated from Budget's indemnification claims.
Budget maintains that indemnification, whether active/passive common law indemnification or contractual indemnification, is an exception to the general rule that there is no right of indemnity among joint tortfeasors.
Indemnification is a claim for reimbursement in full from one on whom primary liability is claimed to rest. Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 701, 535 A.2d 357 (1988). "[T]here is no right of indemnity. . .between joint tort-feasors." Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989) (citation omitted). However, there is an exception to the general rule in the case of active/passive negligence. Id., 142-43.
Additionally, Connecticut recognizes indemnification by contract. Burr v. Lichtenheim, 190 Conn. 351, 460 A.2d 1290
(1983). According to Burr, the terms of the contract control the terms of indemnity.
Connecticut General Statutes 14-154a states:
 . . .any person renting or leasing to another motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable had he also been the owner.
Based on Connecticut General Statutes 14-154a, if the driver of the rented motor vehicle is found liable, then Budget is liable to the plaintiff for damages. CT Page 8617
"Section 14-154a imposes vicarious liability unknown at common law. The statute creates what has been termed a `statutory suretyship' and holds the owner of the rented vehicle liable for injuries caused by the operation of the vehicle as if he were the operator. Hughes v. National Car Rental Systems, Inc., 22 Conn. App. 586, 588, 577 A.2d 1132 (1990) (citations omitted).
 Underlying the imposition of this type of liability is a legislative policy of a deliberate allocation of risk, which holds an enterprise liable for such injuries as a cost of doing business. (Citation omitted.) Negligence is imputed to a third party because of `the social necessity to provide injured plaintiffs with financially responsible defendants.' (Citation omitted.)
Id., 588-89; see also, W. Prosser W. Keeton, Torts (5th Ed.) 69. (Emphasis added.)
Joseph and Joanne Falango maintain that if Budget can seek indemnification from the rental car lessee, then the purpose of 14-154a would be undermined.
Allowing Budget to seek either common law indemnification or contract indemnification from the alleged tortfeasors would not undermine the purpose of the statute as that purpose is to insure that the injured party has a financially responsible defendant to sue for damages. See Hughes, supra, 588-89. Budget's claim for indemnification from the alleged tortfeasor does not affect the injured victim's right of recovery.
In count two of the cross-claim, Budget alleges that it entered into a car rental contract with Joanne Falango. Budget further alleges that the contract contains a provision that obligates Joanne Falango "to indemnify and hold harmless" Budget for "any and all demands, claims. . .incurred in any action resulting from a breach of the terms of said agreement. Budget also alleges that Joanne Falango breached the rental agreement because, inter alia, the car was driven in an abusive and reckless manner. This contractual indemnification clause does not interfere with the injured party's right to recover.
Each count states a legally sufficient claim. The motion to strike is denied.
E. EUGENE SPEAR, JUDGE CT Page 8618