[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 7, 1991, the plaintiffs, Martin and Marguerite Meshako, filed a seven-count complaint against the defendants, John Thompson, Ricky Ferraro, Bennie Gonzales and Crown High Corporation. The plaintiffs allege that defendant Thompson, the agent or subagent of defendants Ferrara and Gonzales, was operating a vehicle leased from defendant Crown High Corp., that the vehicle driven by Thompson crossed the center line of the highway and struck plaintiffs' vehicle, and that, as a result, the plaintiffs sustained injuries. The plaintiffs allege further that defendant Thompson was acting within the scope of his authority as agent of Ferrara and Gonzales, and that, as the lessor of the vehicle, Crown High Corp. is liable for plaintiffs' damages under General Statutes 14-154a.
On September 27, 1991, defendant Crown High Corp. filed an answer and special defense. In its answer Crown High Corp. admitted only that it owned the vehicle involved in the accident. On May 21, 1992, Crown High Corp. filed revised special defenses, alleging 1) at the time of the accident the car was being used without the permission of Crown High Corp.; 2) at the time of the accident the car was being used in violation of or beyond the scope or terms of the lease or rental agreement; and 3) at the time of the accident the car was being operated as a stolen vehicle.
On June 4, 1992, the plaintiffs filed a motion to strike the first and second revised special defenses and an accompanying memorandum of law on the grounds that the first and second special defenses are legally insufficient because neither use without permission nor use in violation or beyond the scope of the agreement constitute a defense to 14-154a, which imposes strict liability. The defendant, Crown High Corp., filed a memorandum in opposition to the motion to strike on July 27, 1992, and the plaintiffs filed a reply memorandum in support with the court at short calendar on August 10, 1992.
The motion to strike is used to test the legal sufficiency of special defenses included in an answer to a complaint. Practice Book 152. "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v. Police Commissioner, 182 Conn. 138, 140,438 A.2d 27 (1980). "In ruling on a motion to strike, the court must construe the facts alleged in a pleading in the manner most favorable to the pleader." Rowe v. Godou, 209 Conn. 273, 278,550 A.2d 1073 (1988). The court should not consider the fact CT Page 8964 that the pleader may not be able to prove his allegations at trial. Grubb Ellis Co. v. Denardo, 2 Conn. L. Rptr. 309, 309 (August 30, 1990, Jones, J.).
General Statutes 14-154a states:
 Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner.
As used in this statute, "person" includes a corporation. General Statutes 14-1(61). In enacting this statute, the legislature has made a determination that "costs associated with rentals to unsafe drivers should be borne by the enterprise that affords such drivers access to the highway, without requiring the injured party to show the negligence of the enterprise itself." Gionfriddo v. Avis Rent A Car Systems, Inc., 192 Conn. 280, 289,472 A.2d 306 (1984). "Section 14-154a has been liberally construed." Hughes v. National Car Rental Systems, Inc.,22 Conn. App. 586, 589, 577 A.2d 1132 (1990). The Connecticut Supreme Court has generally found liability on the part of the rental agency for the tortuous acts of the person renting the car or of anyone "who comes into possession of it under the contract of hiring with the express or implied authority of the owner." Connelly v. Deconinck, 113 Conn. 237, 240, 155 A. 231
(1931). The lessor would not be liable "for the tortious acts of one who wrongfully acquires possession of the car from him into whose hands it came by the voluntary act of or under authority by the owner." Id.
For example, the court found the lessor liable for the acts of the lessee's brother who, although not technically included in the rental agreement, could be considered part of the lessee's immediate family which was allowed to use the car. Fisher v. Hodge, 162 Conn. 363, 294 A.2d 577 (1972).
In its first special defense, defendant Crown High Corp., alleges that the car was "being used without permission or authorization by Crown High Corporation." In light of the court's statement in Connelly v. Deconinck, supra, that the owner CT Page 8965 is not liable for the tortious acts of one wrongfully in possession, the court's consideration of the identity of the driver and the language of the agreement in Fisher v. Hodge, supra, this matter cannot be determined without evidence of the rental agreement and, therefore, the motion to strike the first special defense is denied. See Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990) (when the legal grounds for the motion depend on underlying facts, parties must await evidence at trial and motion to strike should be denied).
In its second special defense, defendant Crown High Corp., alleges that at the time of the accident, the car "was being used in violation of or beyond the scope or terms of any renting or leasing agreement." In light of the court's statement that the owner of a vehicle is liable for the tortious acts of one lawfully in possession of the vehicle; Gionfriddo v. Avis Rent A Car Systems, Inc., supra, 284; and the court's reluctance to excuse the owner from liability for improper use; contrast Gionfriddo v. Avis Rent A Car Systems, Inc., supra, 282 (lessor responsible for actions of highly intoxicated driver involved in head-on collision), with Hughes v. National Car Rental Systems, Inc., supra, 588, 590 (lessor not responsible when driver of car shot victim from rental car); use beyond the scope of the agreement is insufficient as a defense to liability imposed under14-154a. Therefore, the motion to strike defendant Crown High Corp.'s second special defense is granted.
ZOARSKI, JUDGE