[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant moves for summary judgment on the ground that the operator of a leased vehicle involved in a collision had no express permission to drive that vehicle from either the defendant/lessor or the lessee. CT Page 8017
On September 18, 1989, plaintiff Jessie Knowlin filed this civil action against defendants National Car Rental Systems, Inc. (National) and Douglas McNeil Plaintiff alleges in his one count complaint that on or about February 20, 1988, a vehicle owned by National and operated by McNeil collided with a vehicle owned and operated by Mamie McGriff, who is not a party to this action. Plaintiff alleges that he was a passenger in McGriff's vehicle, and that as a result of the collision, he suffered serious physical injuries, losses and damages.
Plaintiff further alleges that McNeil was operating the vehicle as the agent, servant and/or employee of National, and that McNeil was using said vehicle with National's permission and consent. Plaintiff also alleges that McNeil was negligent, careless and reckless in the operation of National's vehicle.
On December 22, 1989, National filed an amended answer and a special defense asserting a right to a set-off or verdict reduction. On June 13, 1990, plaintiff filed a reply to National's special defense. On September 28, 1990, McNeil filed an answer admitting that on February 20, 1988, he was operating a motor vehicle owned by National, admitting that there was a collision between the vehicle he was operating and a vehicle registered to McGriff, and pleading denial or insufficient knowledge with respect to the remainder of plaintiff's allegations.
On October 22, 1990, National filed a motion for summary judgment "on the ground that as a matter of law it cannot be liable for the plaintiff's injuries." National's motion for summary judgment was accompanied by a supporting memorandum of law, a copy of' several pages of Robinson's deposition transcript, and a copy of the car rental agreement. Plaintiff has not filed a memorandum in opposition.
 A motion for summary judgment is designed to dispose of actions in which there is no genuine issue of any material fact . . . . The function of the trial court is to determine, in applying the summary judgment rules, whether an issue of fact CT Page 8018 does it exists but not to try that issue exist . . . . There must be a showing that it is quite clear what the truth is, and any real doubt as to the existence of any genuine issue of material fact must be excluded.
(Citations omitted.) Michaud v. Gurney, 168 Conn. 431,433, 362 A.2d 857 (1975).
 A trial court may appropriately grant a motion for summary judgment only when the affidavits and evidence submitted in support of the motion demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Practice Book 384 . . . .
 "When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant. ". . . "Because the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn."
(Citations omitted.) Catz v. Rubenstein, 201 Conn. 39,48-49, 513 A.2d 98 (1986).
In support of its motion, National argues that it cannot be liable because McNeil lacked permission to use the rental car. According to National, the car driven by McNeil had been leased by National to Delone Robinson, who is not a party to this action. National asserts that McNeil was neither Robinson's employee nor a member of his household. National further argues that neither Robinson, nor Robinson's wife, who is not a party to this action, gave permission to McNeil to use the car. National also maintains that during a conversation that took place after the accident, McNeil admitted to Robinson that he took the car without permission. CT Page 8019
National further argues that McNeil was a complete stranger, who fell outside the scope of the rental agreement between National and Robinson. Thus, National argues, McNeil was not its agent, servant and/or employee. National asserts that it cannot be liable for the alleged negligent driving of a third party who lacked permission from National, the lessor, or Robinson, the lessee. Therefore, National argues that there is no genuine dispute as to its legal liability.
General Statutes 14-154a states:
 Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner.
The statute is "an expression of legislative judgment as to the extent — beyond the limitations of the general principles of respondeat superior and the `family-car doctrine' — to which the owner of a motor vehicle which he entrusts to another should be liable for the acts of the latter." (Internal quotation marks omitted; citations omitted; emphasis in original.) Gionfriddo v. Avis Rent A Car System, Inc., 192 Conn. 280, 284, 472 A.2d 306
(1984). "The statute does not require that the operator be the lessee before statutory liability accrues to the owner-lessor for damages resulting from the operation of the vehicle." Fisher v. Hodle, 162 Conn. 363, 370,294 A.2d 577 (1972). "Section 14-154a imposes a vicarious liability unknown at common law. The statute creates what has been termed a `statutory suretyship,' and holds the owner of the rented vehicle liable for injuries caused by the operation of the vehicle as if he were the operator"; Hughes v. National Car Rental Systems, Inc.,22 Conn. App. 586, 588, 577 A.2d 1132 (1990); "provided the vehicle, at the time in question, is being operated by one in lawful possession of it pursuant to the terms of the contract of rental." Gionfriddo v. Avis Rent A Car System, Inc., supra, 284-85, citing Graham v. Wilkins, 145 Conn. 34, 37, 41-42, 138 A.2d 705 (1958). CT Page 8020
 The word "permission" has a broad scope and it "is not necessarily limited to that granted by arrangement between the parties or otherwise in definite, express terms. It may arise, and be implied, from a course of conduct, pursued, with knowledge of the facts, for such time and in such manner as to signify, and be compatible only with, an understanding consent amounting to a grant of the privilege involved."
Rice v. Welch, 33 Conn. Sup. 523, 526, 358 A.2d 362
(App. Sess. 1976), quoting Tomasetti v. Maryland Casualty Co.,117 Conn. 505, 508, 169 A.2d 54 (1933).
In considering National's motion for summary judgment "[t]he issue is not how difficult it will be for the plaintiff to prove the allegations of . . . [his] complaint but whether a genuine issue of material fact exists." Rice v. Welch, supra, 527. National has not shown that it is quite clear that McNeil had no implied permission to operate the vehicle. Indeed, the evidence introduced by National in the form of Robinson's deposition testimony stating that "Douglas [McNeil] came over [to Robinson's home] all the time," shows the existence of a course of conduct not incompatible with an implied consent to McNeil's use of the vehicle.
Parts of Robinson's deposition testimony may be inadmissible hearsay. "A statement made out of court that is offered to establish the truth of the facts contained in the statement is hearsay." (Citations omitted; internal quotation marks omitted.) Bell Food Services, Inc. v. Sherbacow, 217 Conn. 476, 488,586 A.2d 1157 (1991). Hearsay evidence is inadmissible unless it falls within one of the recognized exceptions to the hearsay rule. Id. Robinson's deposition testimony stating that McNeil admitted to him during a conversation that he took the car without permission, is being offered by National to prove that McNeil took the car without permission. Therefore, for purposes of this motion, Robinson's deposition testimony does not constitute evidence showing that there is no genuine issue as to whether McNeil had permission to use the car. To the extent that Robinson's deposition testimony may be admissible, it does not conclusively show the absence of CT Page 8021 permission because responses to deposition questions are not judicial admissions. See Esposito v. Wethered,4 Conn. App. 641, 645, 496 A.2d 222 (1985).
In summary, even though plaintiff failed to oppose National's motion for summary judgment, National has failed to sustain its burden of demonstrating that there is no genuine issue of material fact remaining between the parties. Accordingly, National's motion for summary judgment is denied.
Mary R. Hennessey, Judge