[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff instituted the present action seeking to recover monetary damages as a result of the negligent operation of a motor vehicle. The named defendants are Christopher Palkimas, who rented a motor vehicle from the defendant, April Rental, Inc.; Richard Palkimas, an authorized driver under the lease of the vehicle; and Sean Mathews, the operator of the vehicle at the time of the accident. Sean Mathews was given permission to operate the vehicle by the defendant, Richard Palkimas. The defendant, April Rental, Inc., has now moved for summary judgment asserting that it cannot be liable under the provisions of General Statutes 14-154a on the grounds that Sean Mathews was not authorized, by the contract of rental, to operate the vehicle and therefore no liability may be imposed upon it.
General Statutes 14-154a provides that:
 "Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner."
The moving defendant asserts that our courts have consistently CT Page 11431 imposed liability under the statute when the vehicle in question is being operated by one in lawful possession of it pursuant to the terms of the contract of rental. See such cases as Levy v. Daniels U Drive Auto Renting Co., 108 Conn. 333, 336 (1928); Connelly v. Deconinck, 113 Conn. 237, 240 (1932); Gionfriddo v. Avis Rent-A-Car System, Inc., 192 Conn. 280, 284 (1984). Defendant asserts that Sean Mathews was not authorized to drive the vehicle under the agreement and, therefore, he was in not possession of the vehicle pursuant to the contract of rental. Therefore, the defendant asserts no liability may be imposed against it and cites Meshako v. Thompson, 9 Conn. L. Rptr., No. 17, 508 (September 13, 1993) (Hadden, J.) in support of its position.
The defendant also notes the existence of the case of Fisher v. Hodge, 162 Conn. 363 (1972) where the court upheld a lower court's instruction to the jury that the brother of a lessee was a family member within the meaning of the contract of rental. In the Fisher case, the court also noted (at p. 368): "[I]n addition, we find merit to the further claim of the plaintiff that the defendant, the Hertz Corporation, is liable under the provisions14-154 of the General Statutes regardless of the provisions of the rental contract restricting the use of the automobile to specified individuals." The defendant notes that the quoted statement in the Fisher case is simply dicta and not binding on the court. But see Hughes v. National Car Rental Systems, Inc., 22 Conn. App. 586, 589
(1990) interpreting Fisher as proving lessor liability even if the lease agreement expressly excluded such liability.
Our courts have also noted that the car rental statute is a legislative judgment as to the extent to which the lessor of a vehicle will be liable beyond the limitations of the principles of respondeat superior in the family car doctrine. Gionfriddo v. Avis Rent-A-Car Systems, Inc., 192 Conn. 280, 284 (1984). The legislative purposes of the car rental statute and the specific language of General Statutes 14-154a are such that a renter of a motor vehicle, absent fraud, duress, theft or the like, cannot avoid liability under the statute by limiting the individuals who may drive the vehicle. Meshako v. Thompson,7 CSCR 1163 (September 23, 1992) (Zoarski, J.).
Accordingly, the motion for summary judgment is denied.
Rush, J. CT Page 11432