[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff Metro North Commuter Railroad (Metro), has brought an action against the defendants, Michelle Tanz and Elrac, Inc. (Elrac), to recover damages it allegedly suffered when a vehicle operated by Tanz, which she leased from Elrac, collided with Metro's locomotive. In the fourth count of its amended complaint Metro asserts a claim for indemnification based upon the theory of active/passive negligence asserted against Elrac. Specifically, Metro seeks indemnification from Elrac for the cost of settling personal injury claims brought against Metro by its employees who allege that they suffered injuries as a result of the collision. Elrac has filed a motion to strike count four of Metro's amended complaint.
In accordance with Practice Book § 152 a party may contest the legal sufficiency of any count of a complaint by filing a motion to strike the count. See Novametrix MedicalSystems v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . . The court must construe the facts in the complaint most favorably to the plaintiff."Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). "If any facts provable under the express and implied allegations in the plaintiff's complaint support a cause of action . . . the complaint is not vulnerable to a motion to strike." Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 11 (1991). In determining a motion to strike "`it is of no moment that the plaintiff may not be able to prove [his] allegations at trial. . . .' The sole inquiry at this stage is whether the plaintiff's allegations, if proved, state a cause of action." (Citation omitted.) Levine v. Bess and Paul Sigel Hebrew Academyof Greater Hartford, Inc., 39 Conn. Sup. 129, 132, 471 A.2d 679
(S.Ct. 1983).
In support of its motion to strike, Elrac argues that the claim for indemnification asserted by Metro is legally insufficient because it fails to allege facts supporting the existence of an independent legal relationship between Elrac and Metro. In opposition, Metro contends that General Statutes §14-154a brings into existence an independent legal relationship between it and Elrac, and thereby makes it an "intended beneficiary" of the rental contract between Elrac and Tanz. Therefore, Metro argues that § 14-154a provides a sufficient basis for an indemnification claim and an independent legal relationship between it and Elrac. CT Page 1852
"Indemnity involves a claim for reimbursement in full from one who is claimed to be primarily liable. . . . Ordinarily, there is no right of indemnity between joint tortfeasors . . . . Exceptions to this general rule exist, however, where the primarily liable tortfeasor owes an independent legal duty to the secondarily liable tortfeasor." (Citations omitted.) Atkinson v.Berloni, 23 Conn. App. 325, 326, 580 A.2d 84 (1990). If a claim for indemnification is grounded in tort, indemnification is "warranted only upon proof that the injury resulted from the `active or primary negligence' of the party against whom reimbursement is sought." Burkert v. Petro Plus of Naugatuck,Inc., 216 Conn. 65, 74, 579 A.2d 26 (1990).
"In order to establish that a party was primarily negligent and, thus, liable to indemnify a secondarily negligent tortfeasor, the following essential elements must be proved: (1)
the party must have been negligent; (2) its negligence rather than another's was the direct and immediate cause of injury; (3)
it had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably have relied on the charged party to act without negligence." (Internal quotation marks omitted.) Atkinson v.Berloni, supra, 23 Conn. App. 326-27; see also Burkert v. PetroPlus of Naugatuck, Inc., supra, 216 Conn. 74. In addition. "[i]mplicit in indemnification cases is the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty." Atkinson v. Berloni,
supra, 23 Conn. App. 326-27.
Section 14-154a provides that "[a]ny person renting or leasing to another any motor vehicle owed by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner."
In regard to the purpose of the statute, the Connecticut Supreme Court has stated that "it cannot be regarded otherwise than as an expression of legislative judgment as to the extent-beyond the limitations of the general principles of respondeat superior and the `family-car doctrine' -to which the owner of a motor vehicle which he entrusts to another should be liable for the acts of the latter. . . . We have consistently construed the CT Page 1853 statute as imposing on the one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one in lawful possession of it pursuant to the terms of the contract of rental." (Citations omitted; emphasis in original; internal quotation marks omitted.) Pedevillano v. Bryon,231 Conn. 265, 268, (1994); see also Gionfriddo v. AvisRent A Car System, Inc., 192 Conn. 280, 284-85, 472 A.2d 306
(1984) (holding that the owner-lessor is viewed as the "alter ego" of the rental car's operator, and therefore, treble damages may be recovered against the lessor under § 14-154a when they are properly assessed against the operator); Farm Bureau MutualAuto, Ins. v. Kohn Tobacco Co., 141 Conn. 539, 542, 107 A.2d 406
(1954) (holding that § 2479, now § 14-154a, imposes the same liability on the lessor of a vehicle as the law imposes upon the operator of the vehicle).
In Hughes v. National Car Rental Systems, Inc., 22 Conn. App. 586,588, 577 A.2d 1132, cert. denied, 216 Conn. 817, 580 A.2d 57
(1990), the court stated that "[s]ection 14-154a imposes a vicarious liability unknown at common law. The statute creates what has been termed a `statutory suretyship,' and holds the owner of the rented vehicle liable for injuries caused by the operation of the vehicle as if he were the operator." Furthermore, "[u]nderlying the imposition of this type of liability is a legislative policy of a deliberate allocation of a risk, which holds an enterprise liable for such injuries as a cost of doing business. . . . Negligence is imputed to a third party because of `the social necessity to provide injured plaintiffs with financially responsible defendants.'" (Citations omitted.) Id., 588-89.
Accordingly, § 14-154a imposes the same liability on Elrac as it imposes on Tanz, the operator of the vehicle, and no more. See Hughes v. National Car Rental Systems, Inc., supra,22 Conn. App. 588. The first question, then, is whether an independent legal relationship, necessary to assert a claim for indemnification, exists between the operator of the motor vehicle involved in the collision and the plaintiff.
In Atkinson v. Berloni, supra, 23 Conn. App. 325, the plaintiffs were involved in a collision that they alleged was caused by the negligence of the defendant Berloni, who operated one vehicle, and the defendant Clark, who operated a second vehicle. Berloni asserted a cross complaint against Clark for CT Page 1854 indemnification. Id., 326. The court affirmed the trial court's striking of the cross complaint because it failed to state a cause of action for indemnification due to the "absence of an independent legal relationship between the parties giving rise to a clearly identifiable legal duty owed by Clark to Berloni." Id., 330. Specifically, the court stated that "the contact between Berloni and Clark was random and unanticipated . . . Clark did not assume a special duty toward Berloni, other than the general duty of a motorist to use reasonable care. To allow a claim for indemnity between joint tortfeasors on the basis of such a duty would be to allow the exception to swallow the rule." Id.
In the present action, even upon a finding that Metro's injuries were caused by the negligent operation of the leased vehicle, there is no independent legal relationship between the defendant operator and Metro; Atkinson v. Berloni, supra,23 Conn. App. 330; and thus none between Elrac and Metro. Elrac's motion to strike the fourth count of Metro's complaint is granted.
Because of the foregoing ruling, it is unnecessary for the court to address Elrac's alternate ground for striking the plaintiff's fourth count, that the plaintiff has not sufficiently alleged that Elrac's negligence was the direct and immediate cause of the plaintiff's injury.