[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION re MOTIONS FOR SUMMARY JUDGMENT (#128, 129)
This action by the plaintiff's decedent stems from his alleged wrongful death, resulting from a one-car accident in the early hours of November 23, 1991. The decedent, Malcolm Hefford, was a front-seat passenger in a car operated by a friend, the defendant's decedent John Ray. The vehicle was rented by both Hefford and Ray from the co-defendant, Thrifty Rent-A-Car (Thrifty). It is not disputed that both decedents were legally intoxicated at the time of the accident and that both had signed and received a one-page "Standard Rental Agreement" as required by Thrifty. The Agreement was placed into the pocket of a folded jacket. An inside page of the folded jacket contains other terms which are in small print and not visible when the jacket is folded. These terms were not explained to Hefford or Ray.
The complaint of the plaintiff's decedent sounds in recklessness and negligence. His cause of action against Thrifty is based on Sec. 14-154a of the General Statutes. That statute provides in pertinent part that "any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased to the same extent as the operator would have been liable if he had also been the owner."
The complaint also contains a count for loss of spousal consortium brought by the decedent's widow, Angela M. Hefford.
To the plaintiffs' complaint the defendant-Thrifty has filed six special defenses. Additionally, it has raised the issue of setoff and has filed a counterclaim containing two counts.
The defendant-Thrifty's first special defense alleges a contractual bar by reason of the defendant's decedent's vehicle operation while under the influence of intoxicating liquor. In fact, a provision appearing on the jacket of the rental agreement prohibits use of the vehicle while the operator is intoxicated. It is Thrifty's contention that decedent-Ray's condition voids any liability on which the plaintiff's decedent may rely.
Thrifty's counterclaim seeks indemnification by the plaintiff's decedent based on both the terms of the rental CT Page 4213-M agreement and principles of common law.
The court has for its consideration the plaintiff's motion for summary judgment as to Thrifty's first special defense above described and as to both counts of its counterclaim. Also before the court is the defendant-Thrifty's motion for summary relief on the complaint and its own counterclaim, all with reference to its claimed right to indemnification.
 A.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." P.B., Sec. 384; Miller v. United Technologies Corp., 233 Conn. 732,744-45 (1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." Catz v. Rubenstein, 201 Conn. 39, 48 (1986). "The party moving for summary judgment has the burden of showing the absence of any genuine issues as to all the material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law." Suarez v. Dickmont Plastic Corp.,229 Conn. 99, 105 (1994). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Yanow v. Teal Industries. Inc., 178 Conn. 262,268 (1979). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." New MilfordSavings Bank v. Roina, 38 Conn. App. 240, 244 (1995).
 B.
The intoxication of the decedent-driver John Ray, although in itself a violation of the rental agreement, is not a bar to the plaintiffs' right of recovery against Thrifty. Our Supreme Court in discussing lessor's liability under Sec. 14-154a has spoken clearly on the point:
 It bears emphasis . . . that the lessor's right to limit the identity of authorized drivers does not, in light of the purpose of Sec. 14-154a, relieve the lessor of liability to third parties for misconduct by such authorized drivers, CT Page 4213-N even when such misconduct violates express contractual restrictions on the use of the vehicle.
 Pedevillano v. Bryon, 231 Conn. 265, 270 (1994). In support of its conclusion the Court relies on the very language of the statute:
 By virtue of the express terms of the statute the owner is made the alter ego of the operator so that the latter's acts with respect to the operation of the car . . . are in law the acts of the owner-lessor. [Graham v. Wilkins, 145 Conn. 34, 41-42
(1958).]
Gionfriddo v. Avis Rent A Car System, Inc., 192 Conn. 280,285 (1984).
The message is clear that lease restrictions prohibiting operation of the leased vehicle while the operator is under the influence will not, under the statute, immunize the lessor from liability for such lessee misconduct. Sawyers v. Rental CarResources, Inc., 14 Conn. L. Rptr. (No. 15) 468, 469 (8-26-95).
 C.
In arguing its entitlement to indemnification by the plaintiff's decedent for any payment in excess of $20,000 the defendant-Thrifty relies on the following language of the lease contract:
 You [Thrifty] agree to provide coverage with limits equal to the minimum requirements of the State in which the car is rented but you will have no additional liability.
 I will indemnify and hold you [Thrifty] harmless from and against any and all losses, liabilities, and expenses in excess of the limits of the insurance coverage provided by you [$20,000] under the Rental Agreement.
The language clearly conflicts with the statutory language which mandates that a lessor be held liable for "any damage to any person" and that such liability be "to the same extent as the operator would have been liable if it had also been the owner." Sec. 14-154a, Conn. Gen. Stat. Thrifty has no privilege by contract to insulate itself from those obligations imposed upon it by law. Such obligations, in short, cannot be varied by CT Page 4213-O private arrangements with others. Panaroni v. Johnson,158 Conn. 92, 104 (1969).
Thrifty's indemnification language subverts the legislative intent and violates public policy.
 D.
In the second count of its counterclaim the defendant-Thrifty asserts its right to indemnification on principles of common law. The thrust of its argument is that (1) the plaintiff's decedent was negligent in consenting to ride with the defendant's decedent when he knew that the defendant's decedent was intoxicated and unfit to drive; and (2) that the plaintiff's decedent's own intoxicated state rendered him unfit to use his senses and faculties, thereby causing him to act negligently under the circumstances which prevailed.
In order to obtain indemnification Thrifty must prove that (1) The plaintiff's decedent was in fact negligent; (2) his negligence was a direct and immediate cause of the accident; (3) he was in exclusive control of the situation; and that (4) Thrifty did not know of the negligence of the plaintiff's decedent, had no reason to anticipate it, and could reasonably rely on the decedent not to be negligent. Burkert v. Petrol Plusof Naugatuck. Inc., 216 Conn. 65, 74 (1990). Additionally, Thrifty is required to prove that the decedent owed it a duty based on "an independent legal relationship." Atkinson v.Berloni, 23 Conn. App. 325, 328 (1990).
Clearly, material questions of fact are present. Was the plaintiff's decedent in fact negligent? And, if so, was that negligence a direct and immediate cause of the accident and what followed from it? These are two of the more material questions as to which it cannot be said that "it is quite clear what the truth is . . . "; Yanow v. Teal Industries Inc., supra; especially when, in ruling on the plaintiff's motion, Thrifty must be "given the benefit of all favorable inferences that can be drawn." EvansProducts Co. v. Clinton Building Supply. Inc., 174 Conn. 512, 516
(1978).
 E.
The defendant-Thrifty's motion for summary relief is predicated on claims of both contractual and common law CT Page 4213-P indemnification.
1. As to thrifty's first claim, allowing the language of its contract to bar recovery by the plaintiff's decedent would defeat the liberal purpose of the statute:
 Section 14-154a imposes a vicarious liability unknown at common law. . . . Underlying the imposition of this type of liability is a legislative policy of deliberate allocation of a risk, which holds an enterprise liable for such injuries as a cost of doing business . . . Negligence is imputed to a third party because of `the social necessity to provide injured plaintiffs with financially responsible defendants.'
 Hughes v. National Car Rental Systems, Inc., 22 Conn. App. 586, 588-89
(1990). That an injured plaintiff who is a lessee should, under the circumstances, be required to indemnify his lessor from the consequences of a co-lessee's negligent operation of the leased vehicle was not the intent of the legislature. "The [statute] makes [one] who rents or leases any motor vehicle to another liable for any damage to any person or property caused by the operation of the motor vehicle while so rented or leased." Levyv. Daniels' U-Drive Auto Renting Co., Inc., 108 Conn. 333, 336
(1928) (underlining added).
2. As hereinbefore set forth, a resolution of the defendant-Thrifty's claim for indemnification based on common law principles is fraught with genuine and material questions of fact. Even one such fact is sufficient to identify the claim as unfit for summary adjudication. P.B. Sec. 384.
 F.
For all of the reasons above set forth, the plaintiffs' motion for summary judgment as to the defendant-Thrifty's first special defense and the first count of its counterclaim is granted. As to the second count of the counterclaim, and defendant-Thrifty's motion for summary judgment, both motions are denied. CT Page 4213-Q