[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The motion at issue in this case concerns the exclusivity provisions of the Workers' Compensation Act. The plaintiff filed a complaint against the defendant, Saks Fifth Avenue, seeking damages for injuries allegedly sustained during the course of his employment at the defendant's store in Stamford. The defendant filed a motion (#103) to strike the complaint on the ground that the plaintiff's cause of action is barred by the exclusivity provisions of General Statutes § 31-284, the Workers' Compensation Act (WCA).
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff . . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citation omitted; internal quotation marks omitted.) Waters v. Autori, 236 Conn. 820, 825-26, 676 A.2d 357
(1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts CT Page 568 alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
The defendant argues in its memorandum that the plaintiff has failed to allege facts sufficient to establish either that the defendant's actions were substantially certain to cause the plaintiff's injuries or that the defendant acted intentionally to cause the plaintiff's injuries. According to the defendant, the plaintiff's allegations amount to at most a claim of negligence. Therefore, the defendant argues that the WCA provides the exclusive remedy for the plaintiff's work related injuries.
The plaintiff relies on Suarez v. Dickmont Plastics Corp. ,229 Conn. 99, 639 A.2d 507 (1994), and argues that an employee may bring a common law cause of action for damages against an employer where the employer deliberately instructs an employee to act in a manner which is substantially certain to result in the harm that occurs. According to the plaintiff, the evidence will show that the defendant knew of the plaintiff's light duty restrictions, the plaintiff alerted the defendant that if he carried out the instructions of his employer he would be injured, and that when he carried out his employer's instructions he was in fact injured. Therefore, the plaintiff argues that the allegations in his complaint are consistent with the case ofSuarez v. Dickmont Plastics Corp. , supra, and that his cause of action is not barred by the exclusivity provisions of the WCA.
The Connecticut Supreme Court has consistently "interpreted the exclusivity provision of the act, General Statutes §31-284 (a), as a total bar to common law actions brought by employees against employers for job related injuries with one narrow exception that exists when the employer has committed anintentional tort or where the employer has engaged in wilful orserious misconduct." (Emphasis added.) Suarez v. DickmontPlastics Corp. , supra, 229 Conn. 106. "[I]ntent refers to the consequences of an act . . . . A result is intended if the act is done for the purpose of accomplishing such a result or with knowledge that to a substantial certainty such a result will ensue." (Citation omitted; internal quotation marks omitted.) Id., 108. "The known danger involved must go from being a foreseeable risk which a reasonable man would avoid and become a substantial certainty." (Internal quotation marks omitted.) Id., 109. "The `substantial certainty' test provides for the `intent to injure' exception to be strictly construed and still allows for a plaintiff to maintain a cause of action against an employer CT Page 569 where the evidence is sufficient to support an inference that the employer deliberately instructed an employee to injure himself." (Internal quotation marks omitted.) Id., 109-110.
In Suarez v. Dickmont Plastics Corp. , supra, 229 Conn. 100-01, the court held that there was "a genuine issue of material fact as to whether the plaintiff's injury was `substantially certain' to follow from his employer's conduct so as to satisfy the narrow exception to the exclusivity provisions of the act and to allow the plaintiff to pursue his common law remedy in a trial." The plaintiff in Suarez alleged that he had been severely and permanently injured while attempting to clean a plastic molding machine and that his injuries were caused by his employer's "wilful and serious misconduct." Id., 101. The plaintiff claimed that his employer: "(1) always required the plaintiff and other employees to clean the plastic molding machine while it was in operation; (2) refused to allow the plaintiff or other employees to use safer cleaning methods; and (3) refused to equip the machine with a protective cover or other device in order to prevent injuries to persons operating or cleaning it." Id. The court concluded that "a jury could reasonably infer, from all the circumstances viewed in the light most favorable to the plaintiff, that the defendant's conduct constituted more than a mere failure to provide appropriate safety or protective measures, and that the plaintiff's injury was the inevitable and known result of the actions required of him by the defendant." Id., 111.
The issue in the present case is whether the plaintiff has alleged facts sufficient to establish that the defendant's "conduct was substantially certain to result in injury." Id., 110. The plaintiff essentially alleges that he was placed on light duty by his treating physician, his employer was aware of his light duty restrictions, he was ordered to perform work which he informed management was beyond his light duty restrictions, and that his employer knew or should have known that if he performed the work as directed there was a substantial certainty that he would be injured. Despite this knowledge, the plaintiff alleges that his employer insisted that he perform the work which was beyond his light duty restrictions.
Under these circumstances, the plaintiff has alleged sufficient facts to satisfy the narrow exception to the exclusivity provisions of the WCA for injuries to employees that are "substantially certain" to follow from an employer's conduct. CT Page 570 "[W]hether the actor knows that the consequences of his or her conduct are certain or substantially certain to result from his or her act and still proceeds with the conduct, that he or she should be treated by the law as though he or she in fact desired to produce the result, is a question of fact for the jury."Suarez v. Dickmont Plastics Corp. , supra, 229 Conn. 111. Generally, questions of fact do not lend themselves to resolution by a motion to strike. See Hughes v. National Car Rental Systems, Inc., 22 Conn. App. 586, 590, 577 A.2d 1132, cert. denied,216 Conn. 817, 580 A.2d 57 (1990) ("If there is room for a reasonable disagreement, the question should be submitted to the trier of fact . . . and not determined by the court on a motion to strike.") Accordingly, the defendant's motion to strike the plaintiff's complaint is denied.
So Ordered.
Dated at Stamford, Connecticut, this 7th day of January, 1997.
William B. Lewis, Judge