[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
This is a declaratory judgment action brought by Northbrook Property and Casualty Co. ("Northbrook") seeking a determination that its automobile liability insurance policy issued to defendant Siracusa Moving Storage Co. Inc. ("Siracusa Moving") does not require Northbrook to defend or indemnify defendant Kamien Kyle ("Kyle") an employee of Siracusa Moving who was involved in an accident on December 26, 1994, in New Britain, while operating a van owned by Siracusa Moving, because at the time of the accident, Kyle was operating the truck without the permission of Siracusa Moving.
Northbrook claims in its complaint that Kyle was authorized to operate the van during the course of his employment on December 24, 1994, was permitted to take the van to his home CT Page 10657 because of the impending Christmas holiday weekend; told to return it to the Siracusa Moving facility on the next business day, December 27, 1994, and was specifically instructed not to use the vehicle for personal use during the weekend. Plaintiff further claims that various affidavits and deposition testimony which it submitted clearly shows that Kyle was involved in the accident after a trip to a McDonalds restaurant to which he drove the van because his own car was inoperative. Northbrook moves for summary judgment on the ground that there is no material question of fact and the documents clearly show that Kyle was using the van in a manner not authorized by his insured employer and therefore Northbrook has no duty to defend or indemnify any action against Kyle.
Northbrook heavily relies on an affidavit signed by Daniel Siracusa, president of Siracusa Moving, which purports to show that Kyle "was expressly advised that he was not to use the van from the time he concluded his delivery on December 24, 1994, until he returned the van to the Siracusa Moving storage yard on the next business day, December 27, 1994." Defendants attack the weight and conclusiveness of the affidavit because it is based not on admissible observations of Mr. Siracusa, but on hearsay statements of his operations manager, and claim that Siracusa never met or spoke to Kyle prior to the accident.
It appears that Kyle is presently incarcerated, and that up to this point, he has not been deposed or submitted any affidavit. It is claimed on his behalf that some statements made by Kyle to officers investigating the accident and statements appearing in the application for his arrest warrant imply that at the time of the accident the officer believed that he was on a job run.
Whether or not Kyle was operating the van in the scope of his employment is of course one of the ultimate issues in this case. Implied permission to operate a motor vehicle may be found even in the absence of express permission. Rice v. Welch,33 Conn. Sup. 523 (App. Sess. 1976).
Under all the circumstances, there are sufficient questions of material fact present so as to preclude this motion for summary judgment.
Motion for Summary Judgment denied. CT Page 10658
Jerry Wagner Judge Trial Referee